ELBERT WHEELER, Petitioner for Certiorari,

*vs.*

COUNTY COMMISSIONERS.

Waldo.    Opinion June 20, 1895.

*Taxes.   Abatement.   Certiorari.   Corporation.   Stock.   R. S., c. 6, §§ 14, 19.*

The judgment of the county commissioners upon a complaint or application for the abatement of a tax is a judicial act; and if, in such a case, they err in matters of law, a writ of certiorari is the proper remedy.

By R. S., c. 6, § 14, the value of the real estate of a corporation must be deducted from the value of the shares of the stock of the corporation, in assessing a tax upon the latter.

It is immaterial whether the tax upon a corporation's real estate is paid in money or in any other way. In any event, the value of the real estate must be deducted from the value of the stock. A contract, therefore, of a water company with a city for the payment of its taxes by furnishing water for municipal purposes, should not affect the value of the shares of stock, except to the extent that such contract, like any other, may enhance or depreciate the value of the stock, accordingly as it is beneficial or otherwise to the corporation.

This result is not affected by the fact that the word " franchise " is used in the contract. No legislation of this State has authorized municipal assessors to impose a tax upon a corporation by reason of its franchise.

The present value of the stock of a business corporation may depend upon the prospect of the future business and success of the corporation, and so far as this affects the present value of the stock, it should be taken into account in determining the value of the same for the purposes of taxation.

The petitioner, a resident of another state, was the owner, on April 1st, 1893, of common and preferred stock of the Belfast Water Company which was taxed to him in Belfast for that year. Within the time allowed by statute, he applied to the assessors for an abatement, upon the ground of over-valuation, and upon their refusal to grant an abatement he made application to the County Commissioners of Waldo County, as provided by statute, to be relieved from said taxes. The water company had made a contract with the city of Belfast to furnish water for various municipal purposes, "for such sums annually as said city should assess upon the franchise and works, which consist of the plant to supply water as aforesaid."

During the municipal year of 1893, the water company performed its part of the contract. The property and plant of the company situated in Belfast was valued by the assessors of that city at $31,500, and a tax assessed thereon of $521.40, which amount was offset against that due the water company for supplying water for the purposes named, in accordance with the contract.

This property situated in Belfast with some real estate in an adjoining town, was substantially all the property that the company owned on April 1st, 1893. The county commissioners, upon the petitioner's application to them, made the following adjudication: "After due consideration of the facts and arguments of counsel, we find and adjudge as follows: that, as a matter of law, the taxation of the shares of stock of said water company cannot be in any manner or extent affected by said contract between said city and water company, or the performance thereof; that said preferred stock, after deducting its proportional part of the value assessed on the land, buildings, machinery, pipes and other real estate, etc., of said water company by said city of Belfast and town of Northport, as required by R. S., c. 6, § 14, par. 3, had the further value of forty dollars per share placed thereon by said assessors, as representing in part the value of said property of said water company above the value thereof taxed directly to such water company as aforesaid, and in part the prospective value of such shares; and, therefore, the taxes assessed against the several above named parties holding said preferred shares were not excessive and no abatements thereof are granted."

*Held;* That the adjudication of the commissioners, whereby they placed a valuation upon the stock represented by an assumed value of the corporation's real estate, above the amount at which it was valued by the assessors of the city and town in which it was situated, was erroneous in law.

ON REPORT.

Petition for certiorari submitted to the law court on petition, and record of county commissioners, which the parties agreed should be considered an answer.

The case is stated in the opinion.

*John C. Coombs, Joseph Williamson and H. M. Payson,* for petitioner.

The petitioner has proved that the water company has never earned a dividend, nor even its running expenses, and had no assets except its plant taxed to the corporation. Nothing remained to give value to its shares. The contract was valid. The question of what amount of expenditure is proper and necessary is confided with the municipal authorities, with which the court cannot interfere. *East St. Louis* v. *United States,* 110 U. S. 321. The property and franchise which subserve a public purpose is to that extent a means or instrumentality for government purposes, and should not be taxed. *Camden* v. *Camden Vill. Corp.* 77 Maine, 530. Quasi public corporations hold their franchises . . . in trust for the public; and their property partly in trust for the public. *Bruns. G. L. Co.* v.

*Unit. G. F. & L. Co.* 85 Maine, 532 ; *Portland* v. *Water Co.* 67 Maine, 135.    Additional tax is illegal.    One on the corporation having been paid according to the contract, another one cannot be levied on the shareholders.    The corporation in this respect is not distinct from its shareholders.    There is no provision for taxing both the legal and beneficial owner, which is contrary to the general law.    Cool. Tax, 228-9.    *Amesbury, etc., Co.* v. *Amesbury*, 17 Mass. 461.    Double taxation, unless value of real estate is deducted from the value of the shares.    *Cumb. Marine Ry.* v. *Portland*, 37 Maine, 444 ; *P. S. & P. R. R. Co.* v. *Saco*, 60 Maine, 199.    Tax contrary to statute ; and on the facts found in the record there could be no prospective value to the shares which was not already taxed.

A tax on dividends is merely a method of valuing the franchise or capital stock.    Cook Stock. § 561.    The statute must intend that when there are no dividends there shall be no tax on the franchise.

*J. S. Harriman and R. F. Dunton*, for respondents.

The ruling of the county commissioners only relates to the right of the city to tax the stock ; they did not mean to say that the value of the stock could not be to any extent affected by said contract.    But even if it should receive the latter construction, it is difficult to see how the rights of this petitioner could be prejudiced by such ruling.    The value of the stock may be to some extent affected by every contract which the company has to supply water ; but the presumption is that every such contract is beneficial to the company and would tend to enhance the value of the stock, and if any such contracts are omitted from consideration in arriving at the value of the stock, the effect would be to reduce the value placed upon the stock, and the stockholder would be benefited rather than injured by such omission.

The granting or the refusal to grant the writ of certiorari is a matter of judicial discretion.    The writ should never issue when proceedings are sought to be quashed for merely trivial or formal error, or when it is apparent no injustice will be done by not permitting it to issue.    *Hopkins* v. *Fogler*, 60 Maine, 266.

It is evident that this ruling did not to any extent enhance the value which the commissioners placed upon the stock, and no injustice could possibly have been done to the petitioner by the ruling. Whether said contract did, in this case, affect the value of the stock, was a question of fact for the county commissioners to determine.

A writ of certiorari lies only to correct errors in law; and where the record contains no error, the writ cannot be issued. *Lapan* v. *Co. Com.* 65 Maine, 160.

The superior court will not, on certiorari, review the merits of the judgment of the inferior court or tribunal upon the evidence; the court below is the sole judge of the weight of evidence. Harris on Certiorari, § 102; *Gibbs* v. *Co. Com.* 19 Pick. 298.

In the estimate or computation of the value of the capital stock of the corporation, the judgment of the tax commissioner is not open to modification or revision by any other tribunal. *Commonwealth* v. *Cary Improvement Co.* 98 Mass. 19.

The value of the corporate property alone is not the measure of the value of the stock in a corporation. While this is an element of value, there are other elements equally important which should be considered in arriving at a correct estimate of the value of the stock in a corporation, such as the prospects of its future success, the nature and extent of its corporate rights and privileges, its business on hand, and the skill and ability with which its business is managed. *Commonwealth* v. *Hamilton Mfg. Co.* 12 Allen, 298; *Chicopee* v. *Co. Com.* 16 Gray, 38; *Commonwealth* v. *Cary Improvement Co.* 98 Mass. 22.

In the case of *National Bank* v. *New Bedford*, 155 Mass. 316, the court say: "The actual value of shares in a going concern depends not only upon its property, but also upon its prospects, since shares both represent property and prospects."

The commissioners based their valuation of the stock upon the property of the corporation and its prospects of future success. These were legitimate elements of value.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

VOL. LXXXVIII.    12

WISWELL, J. The Belfast Water Company, a corporation organized under an act of the legislature, entered into a contract with the city of Belfast, to supply water for drinking fountains, sprinkling streets, flushing sewers and for other municipal purposes, "for such sums annually as said city should assess upon the franchise and works, which consist of the plant, to supply water as aforesaid."

During the municipal year of 1893, the water company performed its part of the contract. The property and plant of the company situated in Belfast was valued by the assessors of that city at $31,500, and a tax assessed thereon of $521.40. The amount due the water company for supplying water, for the purposes named in this contract, and this tax, were offset against each other and receipts passed in accordance with the contract. This property, valued at $31,500 with some real estate in the adjoining town of Northport, was substantially all the property that the company owned on April 1st, 1893.

At that date, the petitioner, a resident of another state, was the owner of one hundred shares of the common and twenty-five shares of the preferred stock of the Belfast Water Co. The assessors of Belfast valued the petitioner's one hundred shares of common stock at $1000 and his twenty-five shares of preferred stock at $1000 and assessed a tax upon each of sixteen dollars.

The petitioner, within two years from this assessment, made written application to the assessors for the time being for an abatement, and upon their refusal to make the abatement asked for, he made application to the county commissioners of Waldo county, as provided by statute, to be relieved from said taxes.

Upon this application the county commissioners relieved the petitioner from the taxes assessed upon the common stock, but refused to do so as to the preferred stock and sustained the valuation placed thereon by the assessors.

The petitioner applies to this court for a writ of certiorari, representing that manifest errors of law appear in the records and judgment of the county commissioners, and that in placing a valuation of forty dollars per share on the preferred stock,

thereby sustaining the valuation placed thereon by the assessors, they adopted and proceeded upon erroneous principles, in the particulars later alluded to. A copy of the records of the commissioners is annexed to the petition, which by agreement is to be considered as an answer.

The record of the commissioners shows that they made the following adjudication : "After due consideration of the facts and arguments of counsel, we find and adjudge as follows; that, as a matter of law, the taxation of the shares of stock of said water company cannot be in any manner or extent affected by said contract between said city and water company, or the performance thereof; that said preferred stock, after deducting its proportional part of the value assessed on the land, buildings, machinery, pipes and other real estate, etc., of said water company by said city of Belfast and town of Northport, as required by Revised Statutes, chapter 6, section 14, paragraph 3, had the further value of ($40) forty dollars per share placed thereon, by said assessors, as representing in part the value of said property of said water company above the value thereof taxed directly to such water company as aforesaid, and in part the prospective value of such shares ; and, therefore, the taxes assessed against the several above named parties holding said preferred shares were not excessive and no abatements thereof are granted."

They say in their adjudication that the value of forty dollars per share, placed by them on the preferred stock, is represented in part by the value of the property of the water company above the value taxed directly to the company. That is, that the real estate of the water company was worth more than the amount at which it was valued by the assessors of the city and town in which it was situated ; and that such additional value should be and in fact was taken into account by them in establishing the value of the shares of preferred stock for the purpose of taxation.

This was clearly erroneous. The taxable property of the corporation must be taxed to the corporation. By R. S., c. 6, § 19, the property of corporations, "both real and personal, is taxable for state, county, city, town, school district and paro-

chial taxes, to be assessed and collected in the same manner and with the same effect as upon similar taxable property owned by individuals."

By R. S., c. 6, § 14, par. 3, "Machinery employed in any branch of manufacture, goods manufactured or unmanufactured, and real estate belonging to any corporation, except when otherwise expressly provided, shall be assessed to such corporation in the town or place where they are situated or employed; and in assessing stockholders for their shares in any such corporation, their proportional part of the value of such machinery, goods and real estate, shall be deducted from the value of such shares."

Real estate must be taxed to the owner or person in possession. The water company was the owner and was in possession of the property taxed to it, and the "proportional part of the value of such . . . real estate, shall be deducted from the value of such shares."

The commissioners in placing a value upon these shares, did deduct their proportional part of the value *assessed* on the company's real estate, and assumed that this real estate had an additional value. This assumption was unwarranted. The statute requires a deduction of the value of the real estate, not the amount assessed thereon.

"All taxes upon real and personal estate, assessed by authority of this state, shall be apportioned and assessed equally, according to the just value thereof." Constitution of Maine, Article IX, § 8.

The property of this corporation was assessed by the assessors of the city and town in which it was situated; there was no appeal therefrom, and it must be assumed that the requirements of law were observed and that the property was assessed "according to the just value thereof."

The water company's real estate having been first taxed to the corporation and then taken into account, to some extent, in fixing the value of the shares, it resulted in double taxation. This is not only contrary to the spirit and policy of the law of taxation but also to the statute above quoted.

The commissioners further say that this value of forty dollars

per share is represented "in part by the prospective value of such shares."

It is undoubtedly true that the present value of the stock of a business corporation may depend very largely upon the prospect of the future business and success of the corporation. The stock of a corporation, which is not earning its operating expenses, very frequently has a present substantial value because of the prospects for increased business and earning capacity in the future. *Com.* v. *Mfg. Co.* 12 Allen, 298 ; *National Bank of Commerce* v. *New Bedford,* 155 Mass. 313. We think that nothing more than this was meant by the commissioners in their adjudication.

Nor do we think that the taxation of the shares can be affected by the contract referred to, except to the extent that such contract may enhance or depreciate the value of the stock, according to whether it is beneficial to the company or otherwise. It can make no difference whether the tax on the company's property is paid in money or by supplying water for certain municipal purposes, for which by contract the company is to receive an amount equal to the taxes assessed for the year ; or whether the tax has been paid in any way, or not.

This result is not affected by the fact that the word "franchise" is used in the contract. The assessors of Belfast did not attempt to assess any tax upon the franchise of the corporation. No legislation of this State has authorized municipal assessors to impose a tax upon a corporation on account of its franchise, the powers and privileges granted to it by the sovereign power of the State. The State may impose such a tax, as has been frequently done and upheld ; or, assessors in placing the valuation upon the shares of a corporation, should take into account the value of the franchise, because the value of the franchise necessarily affects the value of the shares, which by statute, are taxable to the owner thereof.

We find no error of law, therefore, in the proceedings of the commissioners, except that they included in the value of the stock, the value, to some extent, of the company's property which is by law taxable to it ; but this is one which may be and

should be corrected by certiorari. The valuation was based upon erroneous principles.

"Certiorari does not lie on account of mistake or mere error of judgment. Nor can an error in the amount of an assessment or tax laid by the proper authority, when there is no error in the principle of apportionment, be corrected by certiorari; otherwise if the assessment be made on erroneous principles." Spelling on Extraordinary Relief, § 1967, and cases cited.

The judgment of the county commissioners upon a complaint for the abatement of a tax, is a judicial act, and consequently a mandamus does not lie to compel them to revise such a decision. If, in a such a case, they err in matters of law a writ of certiorari is the proper remedy." *Gibbs* v. *County Commissioners*, 19 Pick. 298.

In *Haven* v. *County Commissioners*, 155 Mass. 467, which was a petition for a writ of certiorari to quash the proceedings of county commissioners in refusing to abate a tax, the writ was granted because the commissioners received incompetent testimony upon the question of value.

In *Levant* v. *County Commissioners*, 67 Maine, 429, it is said: "The law not having expressly provided any remedy for correcting the errors of the board of county commissioners in their adjudications relating to the abatement of taxes, parties aggrieved by their decisions in matters of law, may, under the general authority contained in the above provisions seek redress in this court."

Although the amount involved is small, the principle is of sufficient importance to lead us to the conclusion, that by reason of the erroneous basis adopted by the commissioners, in placing a value upon the preferred stock, the petitioner did not receive substantial justice; and that so much of the proceedings as relate to the adjudication, sustaining the tax upon the preferred stock, should be quashed, and the matter heard anew.

Their decision in relieving the petitioner from the tax upon the common stock involves no question of law; it was simply an exercise of judgment, over which we have no right of review, and may stand.

*Writ of certiorari to issue.*