ROGERS, *County Treasurer,* v. BASS & HARBOUR CO.

No. 6502.    Opinion Filed July 13, 1915.

(150 Pac. 706.)

1. APPEAL AND ERROR—Powers of Judge Pro Tempore—Case-Made—Time for Making and Serving—Extension. After a judge pro tempore has ceased to sit as a court, he has no power to extend the time for making and serving case-made in an action tried before him, but such an extension can only be made by the regular judge who was in fact in possession of the office.

2. APPEAL AND ERROR—Case-Made—Time for Making and Serving—Extension. Under section 5246, Rev. Laws 1910, the court or judge thereof may, for accident or misfortune which

could not reasonably have been avoided, extend the time of making and serving case-made after the expiration of the time fixed in the previous order or time allowed by statute; provided, such order does not extend the time beyond the time limit in which an appeal or proceedings in error may be commenced in the appellate court.

3. **SAME—Review of Finding.** Where an order of extension was made under the provisions of said section 5246, and the order is regular on its face, and recites therein a finding by the court that accident or misfortune which could not reasonably have been avoided has been shown, such finding will not be reviewed in the absence of a cross-petition in error assigning as error the finding of the court therein.

4. **TAXATION — Collection — Injunction — Parties.** In an action against the county treasurer and sheriff, or either of them, to enjoin their acts in collecting an illegal tax or assessment, the board of county commissioners is not a necessary party.

5. **DISMISSAL AND NONSUIT—Amended Petition.** The filing of an amended petition omitting therefrom the name of one of the defendants, where no reference is made to the original petition nor any portion thereof adopted into the amended petition, the amended petition supersedes the original petition and operates as a dismissal of the cause as to the defendant omitted therefrom.

6. **JUDGMENT—Validity—Pleading and Proof.** A judgment which is entirely outside of any issue made by the pleadings or the evidence in the case is a nullity.

7. **APPEAL AND ERROR — Case-Made—Service—Parties—Void Judgment.** Where a judgment as to a certain defendant therein is void, service of the case-made upon him is not required.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*

*Farrar L. McCain, Judge, and Charles A. Cook, Special Judge.*

Injunction by the Bass & Harbour Company against Connell Rogers, County Treasurer of Muskogee County, Oklahoma. Judgment for plaintiff, and defendant brings error, and plaintiff moves to dismiss petition in error. Motion overruled.

*W. E. Disney,* Co. Atty. of Muskogee County, *Irwin Donovan,* and *B. B. Blakeney (J. H. Maxey, Jr.,* of counsel), for plaintiff in error.

*Noffsinger & Broome, Guy F. Nelson,* and *B. Broaddus,* for defendant in error.

HARDY, J.   This action, together with causes Nos. 3602, 3604, 3736, 3737, 3738, 3749, 3764, 3765, 3857, 4213, was brought to enjoin the collection of taxes due Muskogee county and the various municipal subdivisions thereof for the fiscal year of 1912-13, upon the property of the various plaintiffs in said cases.   All the actions are of the same nature, and by agreement of counsel this cause has been submitted in the motion to dismiss for a determination of the questions involved thereon.   Trial was had and judgment rendered on February 16, 1914, before Hon. Charles A. Cook, special judge of the superior court of Muskogee county.   Upon overruling motion for a new trial, he made no order of extension, in which to prepare and serve case-made.   On February 19, 1914, the Hon. Farrar L. McCain, the regular judge of the superior court of Muskogee county, made an order of extension, allowing 60 days in which to prepare and serve case-made.   The case was not made and served within this time, and on May 2, 1914, plaintiff in error filed application for an extension of time under section 5246, Rev. Laws 1910, and served notice thereof, and upon a hearing had on May 2d the time was extended to May 4, 1914.   On May 4th, case-made was served, and on May 8th notice that case-made would be presented for settlement on May 16th was served on defendant in error, and on May 14th defendant in error suggested amendments, which were accepted by plaintiff in error and incorporated in the case-made, and same was settled on May 16th, allowing said amendments.

It is urged, in support of the motion to dismiss, that Hon. Farrar L. McCain, having certified to his disqualifications to try said cause upon its merits, was without authority to grant an extension of time in which to prepare and serve case-made.

It is established by several previous decisions of this court that after a judge *pro tempore* has ceased to sit as a court he has no power to extend the time for making and serving case-made in an action tried before him, but that such an extension can only be made by the regular judge who was in fact in possession of the office. *City of Shawnee v. Farrell,* 22 Okla. 652, 98 Pac. 942; *Horner et al. v. Goltry & Sons,* 23 Okla. 905, 101 Pac. 1111; *Casner v. Wooley,* 28 Okla. 424, 114 Pac. 700. These decisions, it is true, have been rendered in cases where the judge *pro tempore* was sitting as a district judge, but we see no reason why the same rule would not apply to judges of the superior court; and therefore we hold that in this case, when the judge *pro tempore* had vacated the bench and ceased to sit as a court without granting an order of extension, he was without authority thereafter to make such an order. Under the statute plaintiff in error would have been entitled to 15 days after the order overruling the motion for a new trial, in which to prepare and serve case-made, and the regular judge within that time could grant an extension for good cause shown, which was done in this case. *City of Shawnee v. State Pub. Co.,* 33 Okla. 363, 125 Pac. 462, 42 L. R. A. (N. S.) 616.

It is next urged that the second order made on May 2d was void because no sufficient showing was made therefor. The section of the statute under which this order was made reads as follows (section 5246, Rev. Laws 1910):

"The court in which any case has been tried and finally determined may, from time to time, make orders extending the time for making and serving of the case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in case of accident or misfortune which could not reasonably have been avoided by a party appealing, the said court or judge, upon notice to the adverse party, may make such orders

after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

Pursuant to this section, plaintiff in error on May 2d filed in the court below an application for an extension of time, for misfortune which could not be reasonably avoided, and both parties appeared on the hearing of said application, and evidence was taken, and the order made by the court granting an extension as prayed, and defendant in error reserved an exception. No cross-petition in error has been filed, presenting the alleged error of the court in allowing said extension, and, without determining whether same might be done, we are of the opinion on motion to dismiss that the action of the court thereon will not be reviewed if it appears upon the face of the order that the court had jurisdiction to make same.

The case of *McLean v. McLean et al.,* 45 Okla. 765, 147 Pac. 302, has been cited as authority for the position that the court was without jurisdiction to make the last order of extension. Such had been the uniform holding of of this court prior to the adoption of the Code. Section 5246, *supra,* was in force at the time of the various orders made in the case at bar, and was also in force at the time of the orders made in the McLean Case. However, this statute was not called to the attention of the court in that case, as the opinion shows that no answer was filed to the motion to dismiss, and the statute was not considered; and that case cannot be considered as authority controlling here. The extension was granted by the court as allowed by the statute referred to, upon application duly made, of which notice was given, as appears from said order, and the court found that accident or misfortune which could not have reasonably been avoided was shown by the evidence. The sufficiency of the motion or the evidence in

support thereof are not properly before us for review, and we must, therefore, presume that all things necessary to authorize the making of the order were done.

In *Pappe v. American Fire Ins. Co.*, 8 Okla. 97, 56 Pac. 860, in the first paragraph of the syllabus, it is said:

"A trial court or judge has the right to extend the time for making and serving a case-made, on application of the party appealing, for good cause shown, without any notice to the adverse party; and the finding by the court or judge that good cause has been shown is a finding of fact, which will not be reviewed on appeal."

This opinion appears not to have been overruled, and seems to have been the settled law of the territory, and in this court, and this is the first time that this question has been before this court since that time, so far as we are now advised. The rule there stated appears to be correct, and we shall adhere thereto.

It is further contended that no notice of the time and place of settlement, as required by the order of extension, was given. The order was that the time for serving case-made should be extended until May 4, 1914, at 6 o'clock p. m., with ten days thereafter for the suggestion of amendments, same to be signed and settled upon not less than five days' notice by either party on or before May 20, 1914. The case-made was in fact served on May 4th, and amendments were suggested on May 14th, which were accepted by plaintiff in error and incorporated into the case-made by the court. Notice of settlement was served on May 8th that application would be made on May 16th for the settlement thereof, and the case-made was in fact settled at the time and place specified in the notice, and the amendments which had been suggested were incorporated therein. Under these circumstances, we think this contention should be overruled.

Counsel next insist that the case-made should be stricken for the reason that the sheriff, J. F. Ledbetter,

does not join in the petition in error, nor was he made a defendant in error and case-made served on him. The plaintiff in error answers this contention by saying the judgment against the sheriff is void for the reason that he was not a party to the proceedings below, and, even though he be held to be a party on the record, he was merely a nominal party, and the board of county commissioners in their corporate capacity was the real party in interest, and that no final injunction could be granted until they were brought on the record, and in support of this proposition counsel cite some decisions from other states. It has, however, already been recognized by this court that in an action to enjoin the collection of taxes or special assessments, where such action will lie, the county treasurer or the sheriff, or both, as the case may be, are the proper parties to be enjoined. *Godfrey, Sheriff, v. Wright et al.,* 8 Okla. 151, 56 Pac. 1051; *Durham, Treas., v. Linderman et al.,* 10 Okla. 570, 64 Pac. 15; *Nelson, Sheriff, v. O. C. W. Ry. Co.,* 24 Okla. 617, 104 Pac. 42; *St. L. & S. F. Ry. Co. v. Thompson, Treas.,* 35 Okla. 138, 128 Pac. 685; *Thurston, Co. Treas., v. Caldwell et al.,* 40 Okla. 206, 137 Pac. 683; *Weatherford Mill Co. v. Duncan, Co. Treas.,* 42 Okla. 242, 140 Pac. 1184.

This, then, leaves for consideration the question whether the sheriff was in fact a party to the proceeding below, so as to give the court jurisdiction of his person and to make valid the judgment rendered against him. The original petition herein was against W. H. Wainright, as county treasurer, and it made no mention of the sheriff as a defendant, and sought no relief against him. Various other steps were taken, in which no pleadings were filed against him or relief sought, until the 25th day of October, 1913, when application for a temporary restraining order against both the treasurer and the sheriff was filed, and on the 1st day of November an order was entered making the sheriff a party defendant, and thereafter on the 30th

day of December a certain stipulation was entered into by the plaintiff and defendants concerning the case. On the 19th day of January, 1914, plaintiff filed an amended petition against the treasurer only, in which no allegations were made against the sheriff and no relief sought against him. The treasurer joined issue by demurrer and answer on this amended petition, and the case was tried between the parties without any issue in the evidence as to the sheriff, and at the close of the trial the court rendered a judgment granting a permanent injunction against both the treasurer and the sheriff.

The court was without jurisdiction to render any judgment against the sheriff in this state of the record. When plaintiff filed its amended petition, which was intended as a substitute for the original pleading, and made no reference therein to the original petition, nor adopted any portion of it, such original petition was superseded and the amended petition thus operated as a dismissal of the plaintiff's case against the sheriff, if he ever had been a proper party thereto.

The rule is stated in *Lane v. C. O. & G. Ry. Co.,* 19 Okla. 324, 91 Pac. 883, as follows:

"Where an amended petition is filed in a cause, and no part of the original petition is referred to or adopted into the amended petition, such original petition is superseded, and is not part of the record. * * * "

The rule announced in this opinion is also sustained by the following authorities: 23 Cyc. 695; 1 Ency. P. & P. 625; *Black v. Womer,* 100 Ill. 328; *McLachlan v. Pease,* 171 Ill. 527, 49 N. E. 715; *S. A. & A. P. Ry. v. Mohl* (Tex. Civ. App.) 37 S. W. 22.

It is thus seen that there was no allegation as to the sheriff contained in the amended petition, no service of process based thereon was had upon him, nor did he make any appearance thereto, nor was there any proof which

justified the court in rendering judgment against him. And the rule is, under these circumstances, that a judgment so rendered is outside of the jurisdiction of the court and is void. This was determined in *Anglea v. McMaster et al.*, 17 Okla. 501, 87 Pac. 660, the syllabus of which is as follows:

"A judgment which is entirely outside of the issues in the case and upon a matter not submitted to the court for its determination is a nullity. * * *" 23 Cyc. 693.

It having been determined that the judgment as to the sheriff was void, it logically follows that the service of the case-made upon him was not required. *National Surety Co. v. Okla. Presbyt. College for Girls*, 38 Okla. 429, 132 Pac. 652; *State ex rel. Hankins, Co. Atty., v. Holt et al.*, 34 Okla. 314, 125 Pac. 460.

The motion to dismiss is, therefore, overruled.

All the Justices concur.