## SPAULDING *et al.* v. BEIDLEMAN *et al.*

No. 7437.   Opinion Filed October 12, 1915.

(152 Pac. 367.)

1. **APPEAL AND ERROR—Case-Made—Time for Making and Serving—Order of Extension—Review of Finding.** An order of extension made under the provisions of section 5246, Rev. Laws 1910, which is regular on its face and recites therein a finding by the court that accident or misfortune which could not reasonably have been avoided has been shown, will not be reviewed on motion to dismiss.

2. **SAME.** Section 5236, Rev. Laws 1910, enumerates the classes of orders and judgments which may be reviewed in this court on petition in error, and an order, granting an extension of time to make and serve a case-made under the provisions of section 5246, is not such an order as may be reviewed under the authority of said section.

3. **APPEAL AND ERROR—Cross-Petition in Error—Dismissal.** A cross-petition in error which fails to assign as error any action of the trial court that may be reviewed in this court will be dismissed.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*

*H. C. Thurman, Judge.*

Action by George C. Beidleman and others against Josie C. Spaulding and others.   Judgment for plaintiffs,

defendants bring error, and plaintiffs file cross petition in error. Motion to dismiss petition in error overruled, and cross-petition in error dismissed.

*Bailey, Wyand & Moon, Geo. S. Ramsey, Edgar A. de Meules, Malcolm E. Rosser,* and *Sol H. Kauffman,* for plaintiffs in error.

*Merwine & Newhouse* and *Geo. C. Beidleman,* for defendants in error.

HARDY, J. From a judgment in favor of plaintiffs below, defendants prosecute error, and plaintiffs below file cross-petition in error. Defendants in error file motion to dismiss the appeal of plaintiffs in error, and plaintiffs in error file motion to dismiss cross-appeal of defendants in error.

The motion to dismiss the appeal of plaintiffs in error must be overruled. The first ground alleged is that, the time having expired in which case-made was to be served, the court below made an additional order for further time, which order was void because the court was without power or jurisdiction to make same. Section 5246, Rev. Laws 1910, authorizes the court, in case of accident or misfortune which could not reasonably have been avoided by the party appealing, upon notice to the adverse party, to make such order after the expiration of the time fixed in the previous order, or the time allowed by statute. Application was made to the court, and after a hearing, the court made an order allowing an additional extension of time, in which he specifically found that plaintiffs in error were prevented from presenting their petition, asking for an extension of time before the expiration of the previous order, on account of accident and

misfortune which could not reasonably have been avoided by them. In *Rogers, Co. Treas., v. Bass & Harbour Co.,* 47 Okla. 786, 150 Pac. 706, in passing upon the identical question here presented, the court said:

"Where an order of extension was made under the provisions of said section 5246, and the order is regular on its face, and recites therein a finding by the court that accident or misfortune which could not reasonably have been avoided has been shown, such finding will not be reviewed, in the absence of a cross-petition in error assigning as error the finding of the court therein." *Pappe v. American Fire Ins. Co.,* 8 Okla. 97, 56 Pac. 860.

The remaining grounds of the motion to dismiss are: (2) That the case-made does not contain all of the evidence upon which the court made the order granting an extension of time for making and serving same; (3) the petition in error does not set forth any assignment of error sufficient to warrant or authorize this court to review any supposed error in this case; and (4) the appeal herein is frivolous and should be dismissed.

The second ground is disposed of by the case of *Rogers, Co. Treas., v. Bass & Harbour Co., supra.* The third ground, which attacks the sufficiency of the assignments of error in the petition in error, is not good, because the second and third assignments of error in the petition in error are sufficient to invoke the jurisdiction of this court in review thereof. The assignments of error are as follows: (1) Errors of law occurring at the trial and excepted to by the plaintiffs in error at the time; (2) that there was no evidence to sustain the findings or judgment for the defendants in error; and (3) that the court erred in overruling motion for new trial, filed by plaintiffs in error.

The fourth ground cannot be sustained. To determine this question would invoke more than a cursory examination of the record, and would require an examination of the case on its merits, and we cannot do this, owing to the crowded condition of the docket of this court, for to do so would invite a motion on this ground in every case, and this would operate as an advancement of the case and a decision on the merits before being reached in the regular order.

The motion to dismiss the cross-petition in error must be sustained. The grounds thereof are: (1) The case-made does not contain all of the evidence upon which the court made the order granting such extension; (2) that the second, third, and fourth assignments are not grounds for error or appeal, but can only be raised by motion to dismiss.

The first ground is assigned upon the theory that the order of the court allowing an extension under the circumstances many be reviewed by this court. In *Pappe v. American Fire Ins. Co., supra,* it was said:

"The trial court or judge has the right to extend the time for making and serving a case-made, on application of the party appealing, for good cause shown, without any notice to the adverse party; and the finding by the court or judge that good cause has been shown is a finding of fact, which will not be reviewed on appeal."

And in *Rogers, Co. Treas., v. Bass & Harbour Co., supra,* after quoting the language above, it was stated:

"This opinion appears not to have been overruled, and seems to have been the settled law of the territory and of this court, and this is the first time that this question has been before this court since that time, so far as

we are now advised. The rule there stated appears to be correct, and we shall adhere thereto."

In that case there was no cross-petition in error, seeking to review the order of extension, but same was attacked upon motion to dismiss; while in the present case the cross-petition in error seeks to have said order reviewed. This cannot be done. The order complained of is not an order from which an appeal is allowed. Section 5236, Rev. Laws 1910, enumerates the orders and judgment which may be reviewed in this court, and the order in question does not come under any of the classifications therein set out. In this state an appeal does not exist as a matter of right, but as a creation of the statute. *In re Brown,* 2 Okla. 590, 39 Pac. 469; *Swan v. United States,* 2 Okla. 114, 37 Pac. 1061; *Vowell v. Taylor,* 8 Okla. 625, 58 Pac. 944; *Moberly v. Roth et al.,* 23 Okla. 856, 102 Pac. 182; *Rolater v. Strain,* 31 Okla. 58, 119 Pac. 992.

If the order were an appealable order, and we were to hold that the action of the court thereon was error, and were to reverse said action, it could not affect the merits of the case one way or the other, but would simply require the case to go back for a retrial of this one question, as to whether or not an extension should have been granted; and if it were an appealable order, we could not review the same on the record before us, because it affirmatively shows that all of the evidence upon which the order was based is not in the record. The defendants in error in prosecuting their cross-appeal simply adopt the case-made prepared and served by plaintiffs in error, which does not contain all of the evidence upon this point.

The remaining grounds in the cross-petition in error present such matters only as might be reached upon mo-

tion to dismiss, and are not such assignments of error as would invoke the jurisdiction of this court to review the record herein as presented in the case-made before us.

The motion to dismiss the cross-petition in error is therefore sustained, and said petition is dismissed.

All the Justices concur.