## O'NEIL ENGINEERING CO. et al. v. CITY OF LEHIGH.

No. 6454.   Opinion Filed July 25, 1916.

(159 Pac. 497.)

**1. Appeal and Error—Record—Defects in Case-Made—Amendment.**

An appeal will not be dismissed by this court, upon motion of defendant in error for fatal defects in the case-made, when there is a motion timely filed herein by plaintiff in error to be permitted to withdraw such case-made for correction, supported by certificate of the clerk of the trial court showing that the defects existing in the case-made may be removed by amendment, when it appears from the record that such matters are amendable under section 5243, Rev. Laws 1910.

**2. Same.**

This court is without authority to amend a case-made, but will, upon motion, permit same to be withdrawn for the purpose of proper amendment under supervision of the judge of the trial court.

**3. Same—Case-Made—Time for Serving.**

An order, extending the time for service of case-made, made under the provisions of

section 5246, Rev. Laws 1910, which is regular on its face and which contains a recital, "And it appearing that notice of this application has been duly given, and it appearing that, on account of accident and misfortune which could not reasonably have been avoided by the above-named defendants, the said defendants have not been able to serve case-made upon the plaintiff within the time heretofore fixed by a previous order allowing time," will not be reviewed on motion to dismiss.

(Syllabus by Campbell, C.)

Error from District Court, Atoka County; Robt. M. Rainey, Judge.

Action by the city of Lehigh against the O'Neil Engineering Company and the Southern Surety Company. Judgment for plaintiff and defendants bring error. Motion to dismiss appeal denied, and motion to withdraw case-made for correction granted.

J. G. Ralls and Stanard, Wahl & Ennis, for plaintiffs in error.

George Trice, for defendant in error.

Opinion by CAMPBELL, C. The defendant in error has filed in this court its motion to dismiss the appeal herein, and the plaintiffs in error have filed a motion for permission to withdraw the case-made for correction. The ground upon which a dismissal is urged is that the case-made was not served within time. Under the record as it exists in this court, such contention is true for the reason that the case-made fails to affirmatively show that the orders of the trial court, extending the time for service of case-made, were entered of record in the trial court as required by law; but it is made to appear that such orders were actually entered by the certificate of the clerk of the trial court in support of the motion of plaintiffs in error for permission to withdraw case-made for correction in the particulars above pointed out.

If such orders were actually entered in the trial court, it should so affirmatively appear in the case-made. A showing is made that such orders were entered of record in the trial court and were of record at the time the case-made was served, and it is sought to have the case-made corrected so as to show the true condition of the record of the trial court in relation to such orders. Under the condition of the record in this cause, it would be unjust to dismiss the appeal without giving plaintiffs in error an opportunity to correct the case-made. A record like this one was before this court in the case of Grayson v. Damme et al., 59 Okla. 213, 155 Pac. 1159, and it was held:

"Upon timely motion to correct a case-made filed in this court, this court will not

sustain a motion of the defendant in error to dismiss such appeal without giving plaintiff in error an opportunity to correct such record."

It has been many times held that this court will permit records to be corrected under section 5243, Revised Laws 1910, and this court, being without authority to make even proper correction, will permit the withdrawal of records from this court for the purpose of permitting them to be corrected in the trial court under the supervision of the judge thereof, in proper cases. In fact, it has come to be a frequent practice as a means of preventing dismissals, and such amendments are favored on account of the due regard which the law has for the rights of litigants.

Another question is raised by the motion which should receive consideration from this court at this time. It is contended by plaintiffs in error that the trial court was without jurisdiction to make the order of April 10, 1914, extending the time for service of the case-made, after the expiration of the time fixed by the last previous order of extension. The order in question appears to have been made under the provisions of section 5246, Revised Laws 1910, and is regular on its face, and contains the following recitals:

"* * * And it appearing that notice of this application has been duly given, and it appearing that on account of accident and misfortune which could not reasonably have been avoided by the above-named defendants, the said defendants have not been able to serve case-made upon the plaintiff within the time heretofore fixed by a previous order allowing time. * * *"

It also contains an exception by the defendant in error, and thus clearly shows that it was present at the hearing, pursuant to the notice given, at which time the order in question was made. The authority for making such an order of extension is found in the statute, supra, and this court has passed upon the identical question here presented. This court, in Spaulding v. Beidleman et al., 49 Okla. 197, 152 Pac. 367, held:

"An order of extension, made under the provisions of section 5246, Rev. Laws 1910, which is regular on its face, and recites therein a finding by the court that accident or misfortune which could not reasonably have been avoided has been shown, will not be reviewed on motion to dismiss."

To the same effect is the holding of this court in the case of Rogers, County Treasurer, v. Bass & Harbour Co., 47 Okla. 786, 150 Pac. 706, where it was held:

"Where an order of extension was made

under the provisions of said section 5246, and the order is regular on its face and then recites therein a finding by the court that accident or misfortune which could not reasonably have been avoided has been shown, such findings will not be reviewed in the absence of a cross-petition in error, assigning as error the finding of the court therein."

Under these decisions, the motion to dismiss does not properly present the question urged in the brief of defendant in error, and the motion should not be sustained upon this ground.

The motion to dismiss the appeal should be denied, and the motion of plaintiffs in error for permission to withdraw the case-made for correction should be granted; but the right is hereby reserved to the defendant in error to file another motion to dismiss the appeal after the said case-made is corrected, in the event the case-made as corrected does not meet the requirements of law.

The plaintiffs in error will be allowed to withdraw from this court the case-made filed herein for the purpose of having same corrected by the trial court, or under the supervision of the judge thereof, so as to show the true condition of the record of the trial court with relation to the entry of record of the orders and final judgment and with relation to the exact date of the clerk's certificate to case-made, and to refile said case-made in this court within 35 days from the date of the filing of this opinion; and the plaintiffs in error will give five days' notice to the defendant in error of the time and place of the hearing in the matter of the correction of the case-made here.

By the Court: It is so ordered.