Note.—See under (1) 17 C. J. p. 839, §158; anno. 3 L. R. A. (N. S.) 49; 22 L. R. A. (N. S.) 1073; 24 L. R. A. (N. S.) 1159; L. R. A. 1915D, 830; 11 A. L. R. 1119; 29 A. L. R. 1358; 8 R. C. L. pp. 526-528; 2 R. C. L. Supp. 624; 4 R. C. L. Supp. p. 560; 5 R. C. L. Supp. p. 474. (2) 4 C. J. p. 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.

---

## BRUNER v. EATON.

No. 16956—Opinion Filed Sept. 7, 1926.

Rehearing Denied Oct. 12, 1926.

(Syllabus.)

**Appeal and Error—Case-Made—Order Extending Time After Expiration of Time Previously Allowed—Finding as to Unavoidable Accident or Misfortune—Review.**

Where an order of extension was made under the provisions of section 789, Comp. Stats. 1921, and the order is regular on its face and recites therein a finding by the court that accident and misfortune which could not reasonably have been avoided has been shown, such finding will not be reviewed on a motion to dismiss the appeal, but will be reviewed if presented in a cross-petition in error assigning as error the finding of the court therein, and upon such review the order of the trial court granting such extension will be reversed if there is no evidence supporting it.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by Callie Eaton against H. J. Bruner. Judgment for plaintiff, and defendant appeals. Plaintiff also perfects her cross-appeal. Reversed and remanded on plaintiff's cross-appeal.

Jordan & Anderson and Robson & Bayless, for plaintiff in error.

Hall & Battenfield, for defendant in error.

PHELPS, J. Defendant in error, Callie Eaton, filed suit in the district court of Rogers county against the plaintiff in error, H. J. Bruner, and obtained judgment against him for the sum of $420 alleged to be due on a rental contract. Motion for new trial was filed, overruled, and exceptions saved, and the time extended 60 days within which to prepare and serve case-made for appeal. After the expiration of the said 60 days, the case-made not having been prepared or served, plaintiff in error filed his application for an extension of time, alleging that he was prevented from securing an extension of time within the 60 days by accident and misfortune. Issue was joined upon such application, a hearing had, the time extended, and the cause appealed here. From the order extending such time the defendant in error files her cross-appeal.

A proper disposition of the cross-appeal will dispose of this case here.

Section 789, Comp. Stats. 1921, reads as follows:

"The court in which any case has been tried and finally determined may from time to time make orders extending the time for the taking and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge, upon notice to the adverse party, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

The record shows that the time for making and serving case-made expired on July 18, 1925; that the presiding judge was a resident of Nowata, between 20 and 30 miles distant from Claremore, the county seat of Rogers county, where said cause was tried; that no steps whatever had been taken to procure the case-made, and that on July 16th counsel for plaintiff in error forwarded, by mail, to Honorable C. H. Baskin, the presiding judge, an application and order in blank for the judge's signature, extending the time for making and serving case-made; that such presiding judge was on said date and the day following in Sulphur

Springs, Ark., and did not receive the application and order until after July 18th, but that he returned to Claremore on the evening of the 19th day of July, and held court there on the 20th.

The sole question then to be disposed of here, is whether the trial court erred in granting the extension of time after the expiration of the time formerly given.

Plaintiff in error contends that under the rule laid down in Spaulding v. Beidleman, 49 Okla. 197. 152 Pac. 367, where the trial court has granted an extension under the provisions of section 789, Comp. Stats. 1921, supra, which was regular on its face, that it will not be disturbed by this court, and quotes the first paragraph of the syllabus as follows:

"An order of extension made under the provisions of section 5246, Rev. Laws 1910 (section 789, Comp. Stats. 1921), which is regular on its face and recites therein a finding by the court that accident or misfortune which could not reasonably have been avoided has been shown, will not be reviewed **on motion to dismiss.**"

The syllabus in that case seems to have been based upon a quotation in that opinion taken from Rogers, Co. Treas., v. Bass & Harbour Co., 47 Okla. 786, 150 Pac. 706. reading as follows:

"Where an order of extension was made under the provision of said section 5246, and the order is regular on its face, and recites therein a finding by the court that accident or misfortune which could not reasonably have been avoided has been shown, such finding will not be reviewed, **in the absence of a cross-petition in error assigning as error the finding of the court therein.**"

It will thus be seen that, while the authority cited would have been applicable if a motion to dismiss the appeal instead of a cross-petition in error had been filed, but, by implication, at least, the same case is authority for the contention that the finding by the court that accident or misfortune has prevented the preparing and serving the case-made, is subject to review **if presented upon cross-petition in error.**

An examination of O'Neal Engineering Co. v. City of Lehigh, 61 Okla. 57, 159 Pac. 497, also cited by plaintiff in error, shows that the same question was under consideration as that in Spaulding v. Beidleman, supra, and the same conclusion reached as in that case. As we view it, however, there is a vast difference in reviewing the finding of the trial court when the same is called to this court's attention by a mere motion to dismiss and reviewing the same when

brought regularly here on appeal, and as the instant case is regularly before us on cross-appeal from the finding of the trial court that the plaintiff in error was prevented from preparing and serving his case-made within the time extended because of accident or misfortune which could not reasonably have been avoided by him, we deem it our duty to dispose of the questions presented as in other appeals.

The evidence in support of the application for an extension of time does not support the facts declared necessary to exist by section 789, Comp. Stats. 1921, to wit:

"And in case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge * * * may make such orders after the expiration of the time fixed in the previous order."

After the judgment was rendered against defendant in the trial court and he was given 60 days to prepare and serve his case-made, he did nothing towards perfecting his appeal until within two days before the time expired. His attorney then mailed to the trial judge, less than 30 miles away, his application and blank order of extension, and because the trial judge was away from home and did not receive his mail, and did not return to the district until the next day after the expiration of the time, he says he was prevented **by accident and misfortune which could not reasonably have been avoided by him.** Under the facts shown by the evidence here, we can find no reasonable justification for the extension of the time and can reach no other conclusion but that the failure to obtain the extension of time was due to the defendant's own negligence. There is no evidence that any effort whatever was made to reach the trial judge other than to place the application in the United States mail only two days before the time expired, and expect it to reach the trial judge at Nowata and the signed order of extension returned within the two days.

In Roberts v Sims, 111 Okla. 1, 237 Pac. 852, this court had under consideration a motion for new trial which was not filed until after the expiration of the three days' time allowed by statute, and in the second paragraph of the syllabus it is stated:

"Where the moving party deposits a motion for new trial in the post office for delivery by registered mail, and the motion is not received by the court clerk until the fourth day after the verdict was rendered, he cannot avail himself of the plea of unavoidable delay."

And in the body of the opinion it is stated:

"When the defendant deposited the motion for new trial in the United States mail he thereby selected the postal department as his agency for delivery. In sending it by registered mail he designated the particular method for its delivery. No showing was made that it could not in some other way have been delivered within the three days fixed by the statute."

An examination of section 574, Comp. Stats. 1921, providing for filing a motion for new trial after the expiration of three days from the rendition of the verdict, discloses that it is somewhat similar to section 789, supra, and the rule announced in Roberts v. Sims, at least to a limited extent, is applicable to the facts in the instant case.

We therefore reach the conclusion that the order granting the extension of time is not supported by the evidence, and the judgment of the court thereon is reversed on the cross-appeal, and the appeal of plaintiff in error dismissed.

NICHOLSON, C. J., BRANSON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. p. 351, §1996; 2 R. C. L. pp. 158, 159; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75.