## HARGRAVE et al. v. GREER et al.

No. 28036. May 3, 1938.

Abernathy & Howell and Billingsley & Kennerly, for plaintiffs in error.

Pryor & Wallace, for defendants in error.

PHELPS, J. Defendants in error have by cross-petition in error prayed that this appeal be dismissed, and under the provisions of the governing statute and former decisions of this court, hereinafter cited, it is necessary that the prayer be granted, and the appeal be dismissed.

When the motion for new trial was overruled the trial judge granted plaintiffs in error 60 days in which to prepare and serve case-made or transcript. After more than half of that time had expired one of the plaintiffs in error instructed the court reporter to prepare a case-made. The court reporter was busy with other matters and let the time slip by. After the 60 days had expired he realized that no order of extension had been obtained, and notified an attorney for plaintiffs in error of that fact, whereupon said attorney filed a motion for additional time in which to prepare case-made, under section 538, O. S. 1931, 12 Okla. St. Ann. sec. 962, on account of "accident or misfortune which could not reasonably have been avoided." Hearing was had on that motion, at which evidence was considered, and the evidence is transcribed in the record before us. The trial judge sustained the motion, and granted additional time, and it is this order which defendants in error say is erroneous.

Coming directly to the point, and viewing the evidence in its aspect most favorable to plaintiffs in error's contentions, there is simply no showing of "accident or misfortune which could not reasonably have been avoided," which is required by the above section as a condition precedent to the granting of additional time after expiration of the time fixed in the previous order. So far as we are able to discern, after plaintiffs in error waited until more than half the period had expired and then notified the reporter to prepare the record, they did nothing whatsoever to keep the appeal alive. They neither asked the reporter at the time when they first instructed him or at any other time to obtain extensions for them, nor did they make any effort to obtain one themselves. They were represented by attorneys in the same city in which the court and the court reporter were functioning.

That the time expired without obtaining an extension was probably an accident. It was also a misfortune. But to say that it could not reasonably have been avoided is beyond the possibilities of the present record. The burden was on plaintiffs in error to make such proof, and under the simple circumstances of the case it cannot truthfully be said that the burden was sustained. Clearly the lapsing could have been avoided by the mere filing of a proper application within time, and obtaining an order granting the extension.

There was some evidence of an existing custom that the court reporter usually attended to obtaining additional time, without instructions from the appealing party. There is nothing in the statute, nor within the rules of procedure, which will justify the shifting of the burden in this manner. Secondly, we have held that it is the duty of the appealing party, and not the court reporter, to secure the necessary extensions of time to serve, sign, and settle case-made, and any default of the court reporter in this respect is not grounds for having the judgment set aside under the provisions of subdivision 9, section 398, O. S. 1931, 12 Okla. St. Ann. sec. 651 (Lena v. Clinkenbeard, 173 Okla. 495, 49 P.2d 109), and the same reasoning should apply to extensions sought after time under the provisions of the section now under consideration. Thirdly, even if the duty could thus be shifted, it would carry its burdens along with it, and the court reporter could not simply overlook the necessity of obtaining an extension, as was done here, and same be called an accident or misfortune which could not reasonably have been avoided.

The appealing party's duty is not finished when he directs the court reporter to prepare the case-made. We have never gone that far in any of our holdings. Plaintiffs in error cite Coker v. Vierson, 170 Okla. 528, 41 P.2d 95, but there (1) the court reporter agreed with the appealing party's attorney to obtain extensions as necessary; (2) the trial judge and court reporter were not resident but were from another district and had been assigned there especially to hear the case; (3) the trial judge intended to return to the district and extend the time, but, himself, miscalculated the date and let the time expire, the sum total of which differences made a somewhat stronger case for appellants than is evidenced here. Evidently, in that case the trial judge in extending the time was largely influenced by the fact that his own miscalculation produced the situation whereunder the misfortune was visited upon appellants.

Other cases cited by plaintiffs in error are not in point. Spaulding v. Beidleman, 49 Okla. 197, 152 P. 367, involved a **motion** to dismiss the appeal as distinguished from cross-petition in error wherein the evidence is reviewable. For the difference which that makes, see O'Neil Engineering Co. v. City of Lehigh 61 Okla. 57, 159 P. 497, and Bruner v. Eaton, 121 Okla. 209, 249 P. 734, wherein it is held that the present question will not be reviewed on a motion to dismiss the appeal, but will be reviewed on cross-petition in error. We are not concerned at present with the reasons for the distinction, as defendants in error do raise the question by cross-petition in error.

Our present ruling need not be fortified by further discussion of authorities. The facts are simple, and the failure to show "accident or misfortune which could not reasonably have been avoided" is too patent to justify comparison of cases. It has been the uniform holding of this court that where an order extending time is made after expiration of the time allowed in the last preceding order, the basis of it being the section here under consideration, and the evidence fails to sustain the finding of unavoidable accident or misfortune, the appeal is a nullity and will be dismissed if the question is raised by cross-petition in error. See Bruner v. Eaton and the O'Neil Case, supra; also Wylie v. Shutler, 55 Okla. 377, 155 P. 513; Nonnamaker v. Lively, 96 Okla. 149, 220 P. 926; In re Stout's Estate, 117 Okla. 12, 245 P. 868.

Accordingly, the appeal should be dismissed. It is so ordered.

BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur.