**C. R. SMITH, Plaintiff in Error,**

**v.**

**INDEPENDENT SCHOOL DISTRICT NUMBER SIXTEEN, PAYNE COUNTY, Oklahoma, Defendant in Error.**

**No. 37933.**

Supreme Court of Oklahoma.

Nov. 19, 1957.

Rehearing Denied Feb. 4, 1958.

Swank & Swank, Stillwater, for plaintiff in error.

Hoel & Horton, Stillwater, for defendant in error.

WILLIAMS, Justice.

This proceeding in eminent domain was instituted by Independent School District Number Sixteen, Payne County, Oklahoma, hereinafter referred to as plaintiff, against C. R. Smith, hereinafter referred to as defendant, to acquire title to 31½ acres of land owned by said defendant, and to assess the damages sustained by such defendant. Commissioners in condemnation were appointed, which commissioners viewed and appraised the land involved and assessed defendant's damages by virtue of the appropriation of such land in the sum of $70,000. Defendant objected to the award by the commissioners and demanded a trial by jury. Trial to a jury was had and on February 5, 1957, a verdict was returned fixing defendant's damage by reason of the appropriation of the land involved at the sum of $81,506. Defendant filed a motion for a new trial which was overruled by the court on March 1, 1957, at which time defendant gave notice of appeal, and was granted by the court forty-five days from such date to make and serve case-made on such appeal. On April 5, 1957, the court, by order, granted defendant a further extension of thirty days from the 15th day of April, 1957, within which to make and serve case-made on appeal. On May 11, 1957, the court granted defendant a further extension of time to and including the 29th day of June, 1957, within which to make and serve case-made on appeal, and further granted defendant an extension of time in which to file the appeal in the Supreme Court to and including the 31st day of August, 1957. On June 28, 1957, the court granted defendant a further extension of twenty days from June 29, 1957, within which to make and serve case-made on appeal. The case-made was served on July 5, 1957, and settled by the court on July 15, 1957. Thereafter, the case was filed in this court on August 10, 1957, some twenty-six days after the date of the settlement of the case-made.

Plaintiff has moved to dismiss the appeal herein for the reason that the same was not filed in this court within twenty days from the date the case-made was settled. Such motion must be sustained.

12 O.S.1955 Supp. § 972, provides insofar as pertinent here:

"All proceedings by case made for reversing, vacating or modifying judgments or final orders shall be commenced within twenty (20) days from the date the case made is settled; * * *."

This court has construed such statute in the case of Video Independent Theatres, Inc., v. Walker, Okl., 308 P.2d 958, wherein we said in the second paragraph of the syllabus:

"By virtue of the provisions of 12 O.S.1955 Supp. § 972, all proceedings by case-made for reversing, vacating

or modifying judgments or final orders shall be commenced within twenty days from the date the case-made is settled, and where case-made and petition in error are not filed in Supreme Court within twenty days from date case-made is settled, such court is without jurisdiction to entertain the appeal and will dismiss the same."

Defendant contends that the trial court, within the first three months after final judgment was entered, extended the time within which to file this appeal to August 31, 1957, and that since the appeal was filed within the time so allowed by the trial court, it should not be dismissed. We do not agree. The above cited statute, which is only partially quoted, contains two separate and distinct requirements with reference to the time within which an appeal must be filed in this court. The first such requirement is that such appeal must be commenced within twenty days from the date the case-made is settled. The second requirement is that such appeal must be commenced within three months from the date of the rendition of the judgment or final order complained of, but the trial court is authorized to extend such three months period to not exceeding six months. Both of such requirements must be met in order to vest this court with jurisdiction of the appeal. In practical effect, this means that an appeal by case-made must be filed in this court before the expiration of 20 days from the date case-made is settled or the expiration of three months from the rendition of the judgment or final order complained of (or lawful extension of such period), whichever occurs first. In the case of Video Independent Theatres, Inc., v. Walker, supra, the appeal was filed within the three months period allowed by statute, but was not filed within twenty days from the date the case-made was settled, and because of such failure the appeal was dismissed. The appeal in the case at bar was likewise not filed within twenty days from the date the case-

made was settled, and must likewise be dismissed.

Appeal dismissed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD and JACKSON, JJ., concur.