CITY OF CHANDLER, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

Clark T. FARLEY, Clark T. Farley, as Ancillary Executor of the Will and Estate of Anna Farley, Deceased, Fay Hansen and Paul B. Johnson, et al., Defendants in Error.

No. 38535.

Supreme Court of Oklahoma.

Feb. 17, 1959.

Rehearing Denied April 28, 1959.

C. C. Curry, Walter G. Wilson, Chandler, for plaintiff in error.

P. D. Erwin, Chandler, J. T. Criswell, Prague, for defendants in error.

WILLIAMS, Vice Chief Justice.

On August 2, 1955, plaintiff in error municipal corporation, hereinafter called plaintiff, filed its petition in the trial court seeking by virtue of its right of eminent domain to acquire title, for reservoir purposes in connection with its city water works system and plant, to 40 acres of defendants' lands, except all of the oil, gas and other mineral rights lying in and under such lands. Commissioners were appointed and qualified, appraisement was made and defendants in error, hereinafter called defendants, filed request for jury trial.

Jury trial was had and verdict returned for defendants. Plaintiff appeals by case-made. A motion to dismiss, based upon several grounds, has been filed. One ground urged by defendants is that the case-made was not filed within twenty days from the date of settlement thereof. The case-made was settled November 17, 1958. It was not filed in this court until December 22, 1958.

The motion must be sustained. In Video Independent Theatres, Inc., v. Walker, Okl., 308 P.2d 958, we said:

"By virtue of the provisions of 12 O.S.1955 Supp. § 972, all proceedings by case-made for reversing, vacating

or modifying judgments or final orders shall be commenced within twenty days from the date the case-made is settled, and where case-made and petition in error are not filed in Supreme Court within twenty days from date case-made is settled, such court is without jurisdiction to entertain the appeal and will dismiss the same."

■ However, plaintiff urges that on August 14, 1958, the judge of the trial court entered an order extending time to make and serve case-made and further ordered "that the time for filing appeal and petition in error in the Supreme Court of the State of Oklahoma be and it is hereby extended to the full six (6) months." It is apparently the theory of plaintiff that it had a "full six (6) months" time in which to file appeal, dating from June 27, 1958 (date upon which, according to minute of the trial court, the motion for new trial was overruled and first extension of sixty (60) days from such date in which to make and serve case-made was given, although no order overruling motion for new trial appears in case-made).

12 O.S.1957 Supp. § 972, in so far as pertinent here, provides:

"All proceedings by case made for reversing, vacating or modifying judgments or final orders shall be commenced within twenty (20) days from the date the case made is settled; * * *."

In Smith v. Independent School District etc., Okl., 321 P.2d 430, 431, we said:

"12 O.S.1955 Supp. § 972, requires that an appeal by case-made be filed in this court within 20 days from the date the case-made is settled and also requires that such appeal be filed within three months from the date of the rendition of the judgment or final order complained of (or lawful extension of such period). Both of such requirements must be met in order to vest this court with jurisdiction of the appeal. In practical effect, this means that an appeal by case-made must be filed in this court before the expiration of 20 days from the date case-made is settled or the expiration of three months from the rendition of the judgment or final order complained of (or lawful extension of such period), whichever occurs first."

As the appeal herein was not filed in this court within twenty days from the date the case-made was settled this court is without jurisdiction of the same and it is dismissed.

DAVISON, C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.