Henry Richard WANNER, Plaintiff in
Error,

v.

Norene F. WANNER, Defendant in Error.

No. 37363.

Supreme Court of Oklahoma.

Sept. 29, 1959.

Rehearing Denied March 15, 1960.

Collins & Moore, Sapulpa, for plaintiff in error.

Arthurs, Blackstock & McMillan, Bristow, for defendant in error.

G. Ellis Gable, Floyd L. Rheam, Gerald B. Klein, T. Austin Gavin, John Rogers, Charles P. Gotwals, Jr., Tulsa, amici curiae.

IRWIN, Justice.

On May 5, 1942, a decree of divorce was entered in the Superior Court of Creek County, granting a divorce to the plaintiff, Norene F. Wanner from the defendant, Henry Richard Wanner. The decree vested exclusive care and custody of the two minor children of the parties in the plaintiff and directed the defendant to pay the sum of $40 per month for the support and maintenance of the minor children. The youngest child became twenty-one years of age on October 8, 1950, and had never married. Various amounts were paid under the judgment but no payments were made after October 8, 1950.

On November 16, 1955, plaintiff filed a motion in the divorce action wherein she prayed judgment for unpaid child support payments in the sum of $3,365, and for interest upon said unpaid installments at the rate of 6% per annum, from the date each was due, which amounted to $1,840.63, or for a total sum of $5,205.63, and costs. To this motion, the defendant filed a "Response and Plea in Bar", in which he plead the judgment dormancy statute (12 O.S.1951, § 735), contending that the payment of any installment maturing more than five years previously could not be enforced by reason of the provisions of said statute. After a complete hearing on December 15, 1955, the trial court rendered judgment for plaintiff for $3,000, with interest from October 8, 1950, and directed the issuance of an execution. Motion for new trial was filed instanter and overruled on the same day. From the judgment the defendant has appealed.

The appeal was filed herein on May 15, 1956, and on June 7, 1956, the plaintiff filed a motion to dismiss, setting up lack of jurisdiction of this Court. The motion was denied. However, the fundamental question of jurisdiction of this Court has been questioned and must be determined. See Keenan v. Chastain, 64 Okl. 16, 164 P. 1145.

The record discloses that the case made was served on the attorneys for the plaintiff on February 7, 1956; that on February 23, 1956 the attorneys for plaintiff and defendant signed a stipulation as to its correctness, and on the same date the trial judge settled and signed it on the stipulation of the attorneys and the case made was filed in the office of the Court Clerk of Creek County on the same day. No further action was taken toward perfecting the appeal until the 10th day of May, 1956, when the defendant filed a motion for additional time to commence proceedings in error. Notice was served on the attorneys for the plaintiff and on May 11, 1956, after a hearing thereon, the court granted an extension of time to May 15, 1956, in which to lodge the appeal in the Supreme Court.

The question to be determined is: Does this Court obtain jurisdiction where the petition in error with case made attached is not filed in this Court within 20 days after the case made is signed and settled by the trial judge?

Title 12 O.S.1957 Supp. § 972, effective August, 1955, is as follows:

"All proceedings by case made for reversing, vacating or modifying judgments or final orders shall be commenced within twenty (20) days from the date the case made is settled; provided, however, that such proceedings must be commenced within three (3) months from the rendition of the judgment or final order complained of, provided however, the trial court may in its discretion extend the period of time not to exceed six (6) months from the date of judgment. * * *"

We have heretofore interpreted both provisions of the above section of our statutes. In the case of Smith v. Independent School District No. 16, Payne County,

Okla., Okl., 321 P.2d 430, 432, the trial court extended the time in which to file the appeal in the Supreme Court to and including August 31, 1957. The case made was served within proper time and settled by the court on July 15, 1957. Thereafter, the case was filed in this court on August 10, 1957, some 26 days after the date of the settlement of the case made. A motion was made to dismiss the appeal for the reason that the same was not filed in this court within 20 days from the date the case made was settled. In sustaining the motion and dismissing the appeal, we said:

" * * * The above cited statute * * * contains two separate and distinct requirements with reference to the time within which an appeal must be filed in this court. The first such requirement is that such appeal must be commenced within twenty days from the date the case-made is settled. The second requirement is that such appeal must be commenced within three months from the date of the rendition of the judgment or final order complained of, but the trial court is authorized to extend such three months period to not exceeding six months. Both of such requirements must be met in order to vest this court with jurisdiction of the appeal."

And in the syllabus we held:

"12 O.S.1955, Supp., § 972, requires that an appeal by case-made be filed in this court within 20 days from the date the case-made is settled and, also requires that such appeal be filed within three months from the date of the rendition of the judgment or final order complained of (or lawful extension of such period). Both of such requirements must be met in order to vest this court with jurisdiction of the appeal. In practical effect, this means that an appeal by case-made must be filed in this court before the expiration of 20 days from the date the case-made is settled or the expiration of three months from the rendition of the judg-ment or final order complained of (or lawful extension of such period), whichever occurs first."

See also Video Independent Theatres, Inc. v. Walker, Okl., 308 P.2d 958; Albert v. Card, Okl., 317 P.2d 766; Jordan v. Snakard, Okl., 320 P.2d 396; Selected Investments Corp. v. Ford, Okl., 320 P.2d 1113; and Campbell v. Campbell, Okl., 325 P.2d 81; Curry v. Haynes, Okl., 326 P.2d 816.

The defendant contends that the order entered by the trial judge on May 11, 1956, granting additional time in which to perfect the appeal (under authority of Title 12 O.S.1957 Supp. § 962), and the appeal being filed within the time allowed by the extension, vested this Court with jurisdiction. Defendant also contends that the validity of an order of extension of time which is regular on its face cannot be reviewed by this Court on a motion to dismiss but can be raised only by cross appeal and cites, Rogers v. Bass & Harbour Co., 47 Okl. 786, 150 P. 706; Pure Oil Co. v. Quarles, 183 Okl. 418, 82 P.2d 970; Hargrave v. Greer, 182 Okl. 608, 79 P.2d 221; Spaulding v. Beidleman, 49 Okl. 197, 152 P. 367; O'Neil Engineering Co. v. City of Lehigh, 61 Okl. 57, 159 P. 497; and Bruner v. Eaton, 121 Okl. 209, 249 P. 734.

Defendants' authorities relate to those cases where it was necessary for this Court to review the evidence upon which an order was entered extending the time to perfect an appeal and were promulgated prior to the 1955 amendment of Sec. 972, supra, providing that all proceedings by case made for reversing, vacating or modifying judgments or final orders shall be commenced within 20 days from the date the case made is settled. By this enactment the 20-day period became a jurisdictional requirement and was not present in the above cases. In those cases the orders extending the time in which to perfect the appeals were regular on their face and lack of jurisdiction was not shown by the record and the procedure for attacking the sufficiency of the evidence upon which the orders were made was by cross-appeal. In the case at bar the case made shows it was

not filed within 20 days from the date it was signed and settled and the jurisdictional question is apparent on the face of the record and a motion to dismiss is proper.

In view of the requirement that all proceedings by case made for reversing, vacating or modifying judgments or final orders shall be commenced within 20 days from the date the case made is settled, and there being no statutory provision for enlarging the 20-day period, the contentions of the defendant cannot be sustained.

█ The case made having been signed and settled on the 23rd day of February, 1956, it was necessary that the petition in error with case made attached be filed in this Court within 20 days thereafter, and not having been filed in this Court until May 15, 1956, which is more than 20 days from February 23, 1956, this Court did not obtain jurisdiction and the appeal is therefore dismissed.

WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON and BERRY, JJ., concur.

DAVISON, C. J., and WELCH and JOHNSON, JJ., dissent.

DAVISON, Chief Justice (dissenting).

I am unable to agree with the opinion promulgated by the majority of my associates in this case. I am of the opinion that the order entered by the trial judge on May 11, 1956, granting an extension of time in which to perfect the appeal was proper and legal and that the appeal was filed within time and further that the objection by the defendant in error could only be raised by cross appeal.

The majority opinion quotes 12 O.S.1955 Supp. § 972, and cites decisions of this court holding that appeals filed more than 20 days after settlement of the case made are not filed in time and will be dismissed. None of these decisions involve the proposition of an extension of time to file appeal pursuant to the provisions of 12 O.S.1955 Supp. § 962, in the fact situation presented by this appeal. The effect of the majority opinion is to ignore the provisions of Sec. 962.

For the purpose correlating these two statutes and to demonstrate how Sec. 962 supplements and applies to Sec. 972, I re-quote Sec. 972, as follows:

"All proceedings by case made for reversing, vacating or modifying judgments or final orders shall be *commenced* within *twenty (20) days from the date the case made is settled;* provided, however, that such proceedings must be *commenced within three (3) months from* the *rendition* of the judgment or final order complained of, provided, however, the trial court may in its discretion extend the period of time *not to exceed six (6) months from the date of judgment.* * * *"
(Italics mine.)

and quote pertinent portion of Sec. 962, as follows:

"The court in which any case has been tried and finally determined, may, from time to time make orders extending the *time for* the making and serving of a case, *or the filing of the proceedings in error,* for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in the exercise of *judicial discretion* the said court or judge, upon notice to the adverse party, and after hearing, *may make such orders after the expiration of the time fixed in the previous order,* or *time allowed by statute,* but this section shall in no manner be construed as affecting the statutes fixing the limit of time *within which an appeal* or proceeding in error *may be begun in the appellate court."* (Italics mine.)

The record reflects that notice was given and hearing was had and the trial court granted an extension to file the appeal and that the appeal was filed, all in the time and manner as set forth in the majority opinion.

Under the provisions of Sec. 972, appeals should be filed "within twenty (20) days"

after settlement of case made and "within three (3) months" from rendition of judgment. This is the "time allowed by statute" in which to file the appeal. Sec. 972 also provides for the extension of the time "not to exceed six (6) months" from date of judgment. This is the "limit of time" fixed by statute within which an appeal may be filed.

In Sec. 962 it is provided that *orders* of extension of time may be made in which to serve case made or to file appeals. This refers to extension *prior to expiration* of time fixed by "previous order, or time allowed by statute" and augments the similar provisions in Sec. 972. *Now observe* that insofar as is applicable to the case before this court, Section 962 provides that the court or judge may make "such orders" (orders of extension of time to file appeal), after the *expiration* of the time "allowed by statute" (this refers to the provision in Sec. 972 of filing appeal within 20 days after settlement of case made and within 3 months of rendition of judgment), but that the section (962) shall not be construed as affecting the statutes "fixing the limit of time" in which to file appeal (this refers to the 6 months limitation in Sec. 972). This is a logical interpretation of Sections 962 and 972 and clearly was the intention of the legislature in enacting these statutes. These amended statutes were enacted by the 1955 legislature after a report of a committee of the Bar Association suggesting the amendments. August 20, 1952, 23 Oklahoma Bar Journal 1407, 1408.

The majority decision states there is no statutory provision for enlarging the 20-day period. It is my opinion that this conclusion is contra to the express provisions of Section 962 allowing extensions after the expiration of the "time allowed by statute."

Prior to the 1955 amendment Sec. 962 provided for extensions of time to file appeals after expiration of "time allowed by statute" in cases of "accident or misfortune which could not reasonably have been avoided by the party appealing". 12 O.S. 1951 § 962. The 1955 amendment substituted for this language the provision "in the exercise of judicial discretion" and added "after hearing". Under the provisions of Sec. 962 prior to amendment this court repeatedly held that cross-appeal was the proper procedure for obtaining a review of the trial court's order extending time to make and serve case made after expiration of previously allowed time. Pure Oil Co. v. Quarles, 183 Okl. 418, 82 P.2d 970, and other cases cited in the majority opinion. I see no logical reason why the principles announced in these decisions do not apply to the situation presented by the present appeal. It must be admitted that the provisions of Sec. 962, as amended, permitting extension of time to file appeal after expiration of previous order or time allowed by statute for appeal were intended to be operative. Such provisions apply to the condition in Sec. 972, as amended, requiring filing of appeal within 20 days after case made is settled, and within 3 months from rendition of judgment or final order. The record herein reflects notice, hearing and order granting extension of time to perfect appeal. The trial judge thereby exercised his judicial discretion and cross-appeal from his order was the only procedure for obtaining a review of the trial court's order.

The appeal should not be dismissed.