## BALDWIN LUMBER CO. v. SANDERS.

No. 2864.    Opinion Filed August 6, 1913.

(134 Pac. 387.)

**APPEAL AND ERROR**—Questions of Fact.    Where the case-made does not contain a recital to the effect that the record contains all the evidence introduced on the trial of the cause, this court will not review any question depending upon the facts for its determination.

(Syllabus by Robertson, C.)

*Error from County Court, Noble County;*
*L. B. Robinson, Judge.*

Action by the Baldwin Lumber Company against G. W. Sanders. Judgment for defendant, and plaintiff brings error. Dismissed.

*P. W. Cress,* for plaintiff in error.

*H. A. Johnson,* for defendant in error.

Opinion by ROBERTSON, C.    There is a motion here to dismiss the appeal, which must be sustained. Counsel for defendant in error contend that the case-made does not meet the requirements of law, in that it contains no recital or certificate to the effect that it contains all the evidence offered or introduced at the trial, and that under the assignments of error in the petition in error it becomes and is necessary to examine the evidence in order to dispose of the same, and, further, that under the assignment of errors in the petition in error no question is raised save those whose consideration requires an examination of the evidence; and such being the case, and the record being defective in this respect, nothing remains to do but dismiss the appeal. An inspection of the case-made supports this view. There is on page 116 of the case-made a blank certificate to be executed by the attorney for the defendant, but it is not signed. Counsel for plaintiff insists that this certificate can be modified by this court

so as to make it conform to the requirements of the law. It is not the province of this court to prepare records, and such corrections will not be made, especially when objection thereto is urged by the opposite party.

It was held in *Gaffney v. Stanard,* 31 Okla. 541, 122 Pac. 510, that, "where the case-made does not contain a recital to the effect that the record contains all the evidence introduced on the trial of the cause, this court will not review any question which requires an examination of all the evidence in order for its correct determination. A certificate of counsel that the case-made contains all the evidence, being unauthorized by law, is insufficient." If a certificate duly signed by counsel is insufficient, surely one not signed would have no greater efficacy.

In *Sawyer & Austin Lumber Co. v. Champlain Lumber Company,* 16 Okla. 90, 84 Pac. 1093, it is said:

"This question requires an examination of the evidence. The case purports to contain the evidence, but the record contains no recital or other statement that it contains all the evidence introduced in the trial of the cause. There is a certificate of counsel that the case contains all the evidence, also a certificate of the stenographer that his transcript contains all the evidence, but neither of these certificates are authorized or recognized. The case itself must contain the positive averment, by way of recital, that it does contain all the evidence submitted or introduced on the trial of the cause; and, in the absence of such recital, this court will not review any question depending upon the facts for its determination. This question has been repeatedly decided. *Frame v. Ryel,* 14 Okla. 536, 79 Pac. 97; *Board of Washita County v. Hubble,* 8 Okla. 169, 56 Pac. 1058; *B. K. & S. W. Ry. Co. v. Grimes,* 38 Kan. 241, 16 Pac. 472; *Ryan v. Madden,* 46 Kan. 245, 26 Pac. 680; *Pelton v. Bauer,* 4 Colo. App. 339, 35 Pac. 918; *Eddy v. Weaver,* 37 Kan. 540, 15 Pac. 492; *Hill v. Bank,* 42 Kan. 364, 22 Pac. 324."

In view of the foregoing, the appeal should be dismissed.

By the Court: It is so ordered.