## BRIGGS v. KINZER.

No. 4787—Opinion Filed May 29. 1916.
(158 Pac. 447.)

1. **Appeal and Error—Settlement of Case-Made—Notice—Waiver by Stipulation.**
Where counsel, by stipulation, waive the right to suggest amendments. and agree that the case may be settled immediately and without notice, such stipulation constitutes a waiver of all notice of the settlement of the case-made.

2. **Same—Case-Made—Cure of Defects.**
Where a case-made does not contain a positive averment by way of a recital that it contains all the evidence introduced or submitted on the trial of the case, the same will be insufficient and without force. and it is not cured by the certificate of the court clerk or the stipulations of counsel.

(Syllabus by Clay, C.)

Error from District Court, Tillman County; Frank Matthews, Judge.

Action by Henry Kinzer against Charles Briggs. Judgment for plaintiff, and defendant brings error. Dismissed.

Wilson & Roe for plaintiff in error.

Mounts & Davis for defendant in error.

Opinion by CLAY, C. For convenience the plaintiff in error will be referred to as defendant, and the defendant in error as plaintiff, as they appeared in the trial court. Plaintiff moves for the dismissal of the appeal upon two grounds, viz: (1) That there was no notice of the settlement of the case-made; (2) that the case-made contains no recital that all the evidence is contained therein.

In passing upon the first ground of the motion we think it sufficient to say that the stipulation of counsel at page 75 of the record, which reads as follows: "And the said plaintiff waives the right to suggest amendments to said case-made, and hereby consents that the same may be settled immediately and without notice"—constitutes a waiver of notice, and the defendant was under no obligation thereafter to serve him with further notice.

The second ground appears to be more serious. There is nothing by way of a recital in the case-made which purports to show the case-made contains all the evidence produced at the trial. except the stipulations of counsel, and this has been held to be fatal where the only questions for review depend upon an examination of the evidence for their determination. Baldwin Lumber Co. v. Sanders, 39 Okla. 142. 134 Pac. 387, and cases therein cited.

It is true that the case-made contains a certificate of counsel for plaintiff and defendant that the case-made contains "all the evidence offered and introduced." Record, p. 75. But this does not cure the lack of averment by way of a recital in the case-made. Mr. Justice Williams, in the case of Gaffney v. Stanard, 31 Okla. 541, 122 Pac. 510, says:

"The defendants in error in their brief, however, contend that the evidence cannot be considered by this court, as the case-made does not contain a positive averment by way of recital that it contains all of the evidence introduced or submitted on the trial of the cause. Where such a recital in the case-made is lacking. it has been time and again held by this court that it will not review any question depending upon the facts for its determination. Tootle, Wheeler & Motter Mercantile Co. v. Floyd, 28 Okla. 308 (114 Pac. 259) ; Wagner v. Sattley Mfg. Co., 23 Okla. 52, 99 Pac. 654; Board of Commissioners of

D. Co. v. Wright, 8 Okla. 190, 57 Pac. 203. The attorney for plaintiff in error in the record certifies that the case-made 'contains a full, true, correct and complete copy and transcript of all the proceedings had, and all the evidence offered or introduced by both parties, all orders and rulings made and exceptions, allowed, and all the record upon which the judgment and journal entry in said cause were made and entered, and that the same is a full, true, correct, and complete case-made.' In Sawyer & Austin Lumber Co. v. Champlain Lumber Co., 16 Okla. 90, 84 Pac. 1093, it is said: 'This question requires an examination of the evidence. The case purports to contain the evidence, but the record contains no recital or other statement that it contains all the evidence introduced in the   *   *   * cause. There is a certificate of counsel that the case contains all the evidence, also a certificate of the stenographer that his transcript contains all the evidence; but neither of these certificates are authorized or recognized. The case itself must contain the positive averment by way of recital that it does contain all the evidence submitted or introduced on the trial of the case, and, in the absence of such recital this court will not review any question depending upon the facts for its determination. This question has been repeatedly decided.' "

The failure of the case-made to state by positive averment that it contains all the evidence is not cured by such statement in the judge's certificate. Lilly v. Russell, 4 Okla. 97, 44 Pac. 212; Board v. Hubble, 8 Okla. 209, 57 Pac. 163; Board v. Wright, 8 Okla. 190, 57 Pac. 203; Wade v. Gould, 8 Okla. 690, 59 Pac. 11; School Dist. v. Trotter, 10 Okla. 625, 64 Pac. 9; Frame v. Ryel, 14 Okla. 536, 79 Pac. 97; Exendine v. Goldstine, 14 Okla. 100, 77 Pac. 45; Martin v. Gassert, 17 Okla. 177, 87 Pac. 586; Devine v. Silvers, 8 Okla. 700, 58 Pac. 781.

The only assignment of error argued is upon the question of fact and alleged errors of the trial court in admitting certain incompetent testimony and upon the effect of certain testimony admitted, which questions are questions of fact not properly presented by the record.

We therefore conclude that the appeal should be dismissed, and so recommend.

By the Court: It is so ordered.