### MURRAY v. BRISTOW.

No. 8953—Opinion Filed Sept. 17, 1918.

(175 Pac. 119.)

**1. Appeal and Error—Review of Evidence—Defective Case-Made.**

When the only assignment of error presented upon appeal requires a review of the evidence at the trial, and the case-made fails to contain a recital that it contains all the evidence offered and introduced at the trial, and the plaintiff in error, after having been given leave to correct such case-made, fails to do so, the case-made will not be considered upon appeal.

**2. Same—Failure to Contain Evidence.**

The failure of a case-made to contain a recital that it contains all the evidence offered and introduced at the trial of the cause is not cured by the certificate of the stenographer, the certificate of the judge, nor the certificate of the court clerk that the record contains all the evidence.

(Syllabus by Rummons, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by J. T. Murray against S. L. Bristow. Judgment for defendant, and plaintiff brings error. Affirmed.

Baldwin & Carlton, for plaintiff in error.

Lydick & Lydick, for defendant in error.

Opinion by RUMMONS, C. The defendant in error moved to dismiss this appeal for the reason that the case-made does not contain an averment by way of recital that it contains all of the evidence introduced or submitted on the trial of the cause. The trial court sustained a demurrer to the evidence of the plaintiff, and the only assignment of error argued in the brief of plaintiff in error is that the court erred in sustaining this demurrer to the evidence. The review by this court of the action of a trial court in sustaining a demurrer to the evidence necessitates a consideration of the evidence, and, in the absence of a proper case-made, the correctness of the action of the trial court in sustaining a demurrer to the evidence cannot be determined by this court.

Upon consideration of this motion on April 29, 1918, this court, pursuant to section 5243, Rev. Laws 1910, granted leave to the plaintiff in error to withdraw the case-made for correction, the same to be corrected under direction of the trial court, upon 5 days' notice to the defendant in error, and to be refiled in this court within 15 days. The plaintiff in error, not having corrected the case-made pursuant to such order and not having requested an extension of time within which to correct such case-made, must be presumed to stand upon the record now on file in this court.

The rule is well established in this court that a case-made which fails to contain a recital that it contains all the evidence offered and introduced at the trial of the cause will not be considered upon appeal, where the assignments of error necessitate a review of the evidence. The failure of the case-made to contain such independent recital is not cured by the certificate of the stenographer that his transcript contains all the evidence, nor does the statement in the certificate of the judge that it contains all the evidence cure such failure, nor is it cured by the certificate of the court clerk that the transcript contains all of the evidence. Wagner v. Sattley Mfg. Co., 23 Okla. 52, 99 Pac. 643; Finch v. Brown, 27 Okla. 217, 111 Pac. 391; Tootle v. Floyd, 28 Okla. 308, 114 Pac. 259; Bettis v. Cargile, 34 Okla. 319, 126 Pac. 222; Baldwin Lumber Co. v. Sanders, 39 Okla. 142, 134 Pac. 387; Magee v. Litchfield, 50 Okla. 360, 151 Pac. 575; Powell v. First State Bank, 56 Okla. 44, 155 Pac. 500; Keet & Roundtree D. G. Co. v. Rogers, 57 Okla. 58, 156 Pac. 179; Briggs v. Kinzer, 59 Okla. 49, 158 Pac. 447.

Because of the failure of the petition in error to present the proper case-made, there is nothing before this court to review. The

judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.