## DIES et al. v. BOYNGTON.

No. 13971—Opinion Filed Jan. 23, 1923.

(Syllabus.)

**Appeal and Error—Validity of Case-Made—Necessity for Notice of Settlement.**

Where no notice of the time of settlement of the case-made is given or waived, and there is no appearance by the opposite party, either in person or by counsel, the case-made is a nullity, and this court acquires no jurisdiction to decide the questions therein.

Error from County Court, Oklahoma County; W. R. Taylor.

Action between F. E. Boynglon and J. E. Dies and another. From the judgment, the latter being error. Dismissed.

R. C. Searcy, for plaintiffs in error.

Shirk, Danner & Fowler, for defendant in error.

McNEILL, J. Defendant in error filed a motion to dismiss the appeal upon several grounds, one of which was that no notice of the time and place of signing and settling the case-made was given, nor was defendant in error present or represented when case-made was signed and settled. Notice of service was had upon plaintiffs in error of the motion to dismiss, and no response has been filed thereto.

The court, in the case of Ranney-Davis Merc. Co. v. Morris, 88 Okla. 107, 211 Pac. 1044, announced the rule as follows:

"Where no notice of the time of settlement of the case-made is given or waived,

and there is no appearance by the opposite party, either in person or by counsel, the case-made is a nullity, and this court acquires no jurisdiction to decide the question therein."

For the reasons stated. the motion to dismiss is sustained.

JOHNSON, V. C. J., and KANE, COCHRAN, and BRANSON, JJ., concur.