**ARGENTOES et al. v. FIDELITY BLDG. & LOAN ASS'N.**

No. 17901. Opinion Filed June 7, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

**1. Appeal and Error—Correction of Case-Made—Supplying Omissions.**

Under the provision of section 786, C. O. S. 1921, a case-made may be corrected by adding thereto omitted parts of the rec-

ord of the trial court under the supervision of the trial judge at any time before the cause is finally decided by this court, though such omitted parts are not of record when the time for appeal has expired but where the same is of record at the time the correction is made.

**2. Same—Correction a Nullity Where no Notice to Adverse Party.**

Where corrections of case-made by adding thereto omitted parts of the record of the trial court are made by a party to the cause and settled and signed by the trial judge in the absence of the adverse party and without notice or the waiver thereof of the time and place of settling and signing the same, such correction is a nullity and the record stands as if no correction had been made.

**3. Same—Necessity for Record of Order Refusing New Trial.**

Where the record does not contain an order of the court overruling motion for new trial, a mere recital in the clerk's minutes incorporated in the case-made, that the motion for new trial was overruled and exceptions allowed, is insufficient, in the absence of such order, to bring the matter before this court for review.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action between the Fidelity Building & Loan Association and Costos Argentos and another. From judgment in favor of the former, the latter appeal. Dismissed.

Pratt & Springer, for plaintiffs in error.

Wyatt & Speakman, for defendant in error.

PER CURIAM. This case was tried in the district court of Creek county, judgment rendered in favor of the defendant in error on the 5th day of February, 1926. On the 8th day of February, 1926, plaintiff in error filed a motion for new trial. Thereafter, on the 24th day of April, 1926, the motion for new trial was heard and by the court overruled, and the appeal therefrom lodged in this court on the 21st day of October, 1926, by filing petition in error with case-made attached. At the time of the filing of the case-made it contained no order overruling a motion for new trial and the only showing of the action of the trial court thereon was the minutes kept by the court clerk of the proceedings of the trial court. On November 16, 1926, there was filed an order signed by the trial court overruling the motion for new trial bearing date of April 24, 1926, which said order is recorded in the journal of the trial court and is incorporated in the case-made as an amend-

ment thereto, as shown by the certificate of the trial judge certifying to the case-made as amended and corrected.

The defendant in error moves the court to dismiss this appeal for the reason that the court is without jurisdiction to hear and determine said appeal on the ground that the original case-made as filed in this court and before the same was amended by the trial court contained no order of the trial court overruling the motion for new trial, and that the order overruling motion for new trial which was added to the case-made by amendment was filed and recorded in the trial court more than six months after the date of said order and constitutes no part of the record, and, further, that the amendment made to the case-made was signed and settled without proper notice to the defendant in error.

In support of the proposition that no copy of the order overruling the motion for new trial was contained in case-made and that the only showing that the same had been overruled was the recital of the minutes of the court clerk as contained in case-made, and that by reason thereof same is insufficient to bring the matter before this court for review, the defendant in error cites the case of Lillard v. Meisberger, 113 Okla. 228, 240 Pac 1067, and also the more recent case of City of Tulsa v. Kay et al., 124 Okla. 243, 255 Pac. 684, decided April 19, 1927, in which it is held that where the case-made contains only the recital of clerk's minutes showing the overruling of motion for new trial, it is insufficient to present the error assigned to this court for review. The rule announced in the cases above cited is well laid and well founded and is supported by the showing made in the case of Showalter v. Hampton, 122 Okla. 192. 253 Pac. 105, wherein the record disclosed that the minutes of the court clerk showed one state of facts and the judgments and orders signed by the trial judge and recorded in the journal of the court showed another, and were it not for the subsequent acts of the plaintiff in error in causing the case-made to be amended, the rule announced in those cases would obtain without further analysis of the condition of this record. The above citations are distinguished from the case at bar in that no attempt was made in these cases to have the case-made corrected and the order overruling the motion for new trial incorporated therein. In the case at bar the case-made was corrected, but the defendant in error urges that the amendment to the case-made by adding thereto the order overruling the motion

for new trial, which was not of record in the trial court on the 24th day of October, 1926, the last day on which this appeal could have been filed, is a nullity for the reason that the trial court was without authority and without jurisdiction to incorporate said order in the case-made. Section 685, C. O. S. 1921, provides that:

"All judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action."

Section 686, C. O. S. 1921, provides:

"A clerk shall make a complete record of every cause as soon as it is finally determined whenever such record shall be ordered by the court."

Section 687, C. O. S. 1921, provides that:

"He shall make up such record in each cause in the vacation next after a term at which the same was determined, and the presiding judge of such court, shall at its next term thereafter subscribe the same."

Section 689, C. O. S. 1921, provides that:

"When the judicial acts or other proceedings of any court have not been regularly brought up and recorded by the clerk thereof, such court shall cause the same to be made up and recorded within such time as it may direct. When they are made up, and, upon examination, found to be correct, the presiding judge of such court shall subscribe the same."

From the above and foregoing sections of the statutes it will be seen it is the duty of the clerk to enter on the journals of the court all judgments and orders and to make a complete record thereof. It will also be seen that no specified time is fixed by statute other than that shown in sections 687 and 689, supra. Section 687 directs the clerk to make up the record in the vacation next after the term at which the same was determined, but by the terms of section 689, supra, it will be seen that if the clerk has not regularly brought up the proceedings and recorded the same, it is the duty of the court to cause the same to be made up and recorded within such time as it may direct. The plaintiffs in error have no control over the court clerk of the court whereby they may require the clerk to enter the order overruling the motion for new trial upon the journals of the court, and the business of the court may be of such volume and the duties imposed upon the clerk so great that it will be impossible for the clerk to enter the judgments and orders upon the journal of the court within the time allowed by law for filing the appeal in this court, and while the

clerk's minutes are insufficient to authorize this court to review the judgments and orders of the trial court, section 786, C. O. S. 1921, provides:

'If after any record or case-made is filed in the appellate court * * * it shall appear * * * that any statement or certificate or motion or other matter is omitted from such record or case-made, or are insufficiently state therein, the appellate court may, on its own motion, or on motion of any party to such cause * * *, prepare such omitted parts and file such corrections in the appellate court with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made when first filed, and no appeal shall be dismissed by reason of such errors or omissions until an opportunity be given to supply such corrections. * * * And if made on the motion of one of the parties, the party desiring to amend must give the opposite parties such notice as the court may by rule prescribe. * * * If such corrections be not made within the time so allowed, then the appeal may be dismissed, or judgment be affirmed, as the court may deem proper, and such order to correct, or leave so to so, may be had at any time before the cause is finally decided by the appellate court."

Where the correction is properly made, upon application of the party desiring the same, the cause will not be dismissed for the reason the judgment or order was not of record when the time allowed by law for appeal expired.

In the case of O'Neil Engineering Co. et al. v. City of Lehigh, 61 Okla. 57, 159 Pac. 497:

"An appeal will not be dismissed by this court upon motion of defendant in error for fatal defects in the case-made, when there is a motion timely filed herein by plaintiff in error to be permitted to withdraw such case-made for correction, supported by certificate of the clerk of the trial court showing that the defects existing in the case-made may be removed by amendment, when it appears from the record that such matters are amendable under section 5243, Rev. Laws 1910 (786, C. O. S 1921)."

The defendant in error further urges that the appeal should be dismissed for the reason that the amendments were made to the case-made without due notice of it. On January 11, 1927, this court made an order that:

"Plaintiff in error granted leave to withdraw case-made for correction, same to be under supervision of trial judge upon due notice to defendant in error."

The record shows that notice was given to defendant in error by plaintiffs in error that the amendment to the case-made in this cause would be presented to the trial judge on February 3, 1927. The notice and the service thereon by mail is acknowledged to have been received on the 29th day of January, 1927, by the defendant in error. The defendant in error objected to the settling and signing of amendment to case-made on February 3, 1927, for the reason that proper and sufficient notice had not been given. The certificate of the trial judge settling and signing the case-made shows the same to have been made on the 28th day of January, 1927, which was one day before the notices were received by the defendant in error and six days before the time fixed in the notice served upon defendant in error for the settling and signing the case-made. No notice was given that the amendments to case-made would be presented to the trial court for settlement and signing on January 28, 1927.

Section 786, supra, provides that:

"If amendments to the case-made are made on motion of one of the parties, the party desiring amendment must give the opposite party such notice as the court may by rule prescribe."

The order of the court granting plaintiffs in error leave to withdraw case-made for correction provides that case-made shall be corrected under the supervision of the trial judge upon due notice to the defendant in error.

"Where no notice of the time of settlement of the case-made is given or waived and there is no appearance by the opposite party either in person or by counsel, case-made is a nullity, and this court acquires no jurisdiction to decide the questions therein." Ranney-Davis Mercantile Co. v. Morris et al., 88 Okla. 107, 211 Pac. 1044; Dies et al. v. Boynton, 88 Okla. 156, 212 Pac. 318.

The certificate of the trial judge in the instant case does not show due notice was given of the presentation of the case-made on the 28th day of January, 1927, and there is no showing that the defendant in error was present, and where no notice was given or waived and the amendments to the case-made were settled and signed by the trial judge in the absence of the defendant in error, the same is a nullity.

The amendment to the case-made being a nullity, the record in this case rests as originally filed on October 21, 1926.

"Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled and exceptions allowed is insufficient, in the absence of such order, and there is nothing properly before this court for

review." Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067; Bigpond v. Davis, 121 Okla. 44, 247 Pac. 676.

An opportunity has been given to correct the case-made in this cause, and plaintiffs in error have failed to properly correct the same, therefore the motion to dismiss should be and is hereby sustained, and the appeal in this cause dismissed.

Note. See under (1) 4 C. J. p. 370, §2034. (2)4 C. J. p. 371, §2034. (3) 4 C. J. p. 96, §1699.