## ALEXANDER v. FIRST NAT. BANK OF DUNCAN.

No. 20105. Opinion Filed May 14, 1929.

H. B. Lockett, for plaintiff in error.

Bond & Bond, for defendant in error.

ANDREWS, J. This case is before this court on motion of the defendant in error to dismiss the appeal.

The record is certified by the court clerk as a transcript. The errors complained of are not such as may be reviewed on a transcript. Charles v. Prentice, 88 Okla. 246, 212 Pac. 585.

The record contains no averment by way of recital that it contains all the proceedings and evidence or other matter in the action

necessary to present the error complained of to the Supreme Court. Such an averment is necessary in an appeal by case-made. Briggs v. Kinzer, 59 Okla. 49, 158 Pac. 447, and cases therein cited. It is not necessary that the entire record be included in the case-made, but so much thereof as is required by section 784, C. O. S. 1921, must be included therein, and there must be an averment therein of the inclusion thereof.

The record contains a court clerk's minute that the motion for new trial was overruled and notice given in open court of an appeal and 90, 10, and 5 to make and serve a case-made, but this does not appear to have been shown in the journal of the court. Plaintiff in error files a motion to remand the case-made for correction. This motion was resisted by the defendant in error, who attached an affidavit of the court clerk, but it nowhere appears from the record that the order overruling motion for new trial and order extending time to make and serve case-made was ever entered on the journal of the court. The plaintiff in error responds to that motion by stating that "the only way to know is to permit the case-made to be withdrawn, and if the trial judge says he made no such order, that would settle the matter and the appeal would have to be dismissed." This is not a sufficient showing on which this court should permit a case-made to be withdrawn. If the order was made and is of record, there should be a showing thereof accompanying the application to withdraw the case-made, and in the absence of such a showing this court will not permit the case-made to be withdrawn.

Under section 786, C. O. S. 1921, the authority is granted to withdraw a case-made for the purpose of including therein matters omitted therefrom and which are of record in the court from which the appeal was taken, and under the doctrine announced in Argentoes et al. v. Fidelity Building & Loan Association, 127 Okla. 183, 260 Pac. 55, such correction may be made though such omitted parts were not of record when the time for appeal expired. But this court has never held that a case-made might be withdrawn for the purpose of including therein matters not shown to be of record in the court from which the appeal was taken at the time the application to withdraw was made. If the plaintiff in error wanted to withdraw the case-made for correction by including therein matters of record in the trial court, he should have supported his application to withdraw by showing that the things sought to be included were of record in that court. This

court will not permit a case-made to be withdrawn for the purpose of permitting a party to the action to speculate on whether or not matters sought to be included are of record in the trial court.

However, the correction of the case-made in this respect would not obviate the necessity of dismissing this appeal. Other fatal defects appear therein.

The case-made does not appear to have been served upon the defendant in error. Under the uniform holding of this court, failure to serve the case-made upon defendant in error is sufficient grounds for dismissal of the appeal. No citation of authority is necessary.

The certificate of the trial judge recites that the case-made was presented to him and that no suggestions of amendment thereto were made and "attorneys for both parties now present agree and consent that the said case may be settled and signed without further notice." This is not sufficient to obviate the necessity of service of the case-made or a waiver of service thereof. The appeal is dismissed.

LESTER, V. C. J., and HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.

MASON, C. J., and CLARK and RILEY, JJ., absent.