## RUSSELL v. MOTOR MTG. CO.

No. 21573. Opinion Filed Nov. 10, 1931.

Rehearing Denied Jan. 12, 1932.

Charles L. Harris and R. C. Searcy, for plaintiff in error.

E. D. Brewer, for defendant in error.

PER CURIAM. This case is before the court on motion of defendant in error to dismiss the appeal.

The case was tried to the court of common pleas, Tulsa county, Okla., and judgment rendered on jury verdict in favor of the defendant in error on the 22nd day of January, 1930. On January 25, 1930, motion for new trial was filed which was apparently overruled on the 3rd day of February, 1930, and the appeal therefrom lodged in this court on August 2, 1930, by filing petition in error with case-made attached.

The original case-made contains the court clerk's minutes reciting, "Motion for new trial overruled, exceptions, plaintiff gives notice of appeal, 30-10-5 days to file supersedeas bond," but this does not appear to have shown in the journal of the court and no such order signed by the trial judge was filed in the case. Defendant in error filed motion to dismiss the appeal and the plaintiff in error filed response with application for permission to withdraw case-made for correction and for stay of motion to dismiss. On February 10, 1931, this court entered its order granting leave to withdraw case-made for correction under the supervision of the trial judge, same to be returned in 15 days. It appears that on February 21, 1931, a hearing was had before Samuel H. Crossland, judge of the trial court, on the motion of plaintiff in error to correct case-made as filed in the trial court; copy of said motion and a copy of the testimony and proceedings together with a copy of order of the judge allowing the correction was attached to the case-made as a purported amendment or correction of the original. The purported transcript of the proceedings and testimony taken is not certified by any person, neither are the proceedings and record verified, authenticated or certified by the court clerk, nor certified, settled, and signed by the judge of the trial court. The purported amendment or correction is nothing more than a typewritten recital of what was done, and without a verification of any kind. The case-made with the correction or amendment attached was not served on the defendant and not refiled in the trial court and neither does it bear any filing mark in this court.

Where a request is made by a party to withdraw case-made for correction, and permission is granted by this court, and thereafter corrections of case-made are made by attaching thereto a purported but unauthenticated copy of the proceedings had on motion to correct the same, and the case-made as amended has not been served on the adverse party, certified by the clerk of the court, nor settled and signed by the trial judge, such correction is a nullity and the record stands as if no correction had been made. See Argentos v. Fidelity Building & Loan Association, 127 Okla. 183, 260 P. 55.

Under the state of the record the amendment to the case-made is a nullity and the record in this case is as originally filed.

"A mere recitation in a court clerk's minutes that a motion for new trial was overruled does not constitute a judgment or order overruling motion for new trial, and where no order overruling motion for new trial appears in the record and a motion for new trial is necessary, this court has no jurisdiction to review the case on appeal." Alexander v. First National Bank of Duncan, 136 Okla. 251, 277 P. 667.

An opportunity has been given to correct the case-made in this cause, and plaintiff in error has failed to properly correct the same, therefore, the motion to dismiss should be and is hereby sustained, and the appeal in this cause is dismissed.