**SEIBOLD et al. v. CITY OF MUSKOGEE et al.**

No. 21460. Opinion Filed Feb. 9, 1932.

82

S. E. Gidney, Homer Baughman, George K. Powell, and Benjamin B. Wheeler, for plaintiffs in error.

Stone, Moon & Stewart and W. B. Moore, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Muskogee county in favor of the defendants in error, the defendants in that court, against the plaintiffs in error, the plaintiffs in that court. Hereinafter the parties will be referred to as plaintiffs and defendants.

The defendants have filed in this court a motion to dismiss the appeal. The first reason assigned by them for the dismissal thereof is:

"The case-made in this cause does not contain a positive averment by way of a recital that it contains all of the proceedings and evidence or other matters in the action as may be necessary to present the errors complained of. Lack of such recital is fatal to the appeal."

An examination of the instrument filed herein as a case-made discloses that there is no averment by way of a recital therein in the form usually included in case-mades. For the want of such an averment, many appeals have been dismissed by this court. See Alexander v. First Nat. Bank of Duncan, 136 Okla. 251, 277 P. 667, wherein it was held:

"Where a case-made does not contain a positive averment by way of a recital that it contains all of the proceedings and evidence or other matters in the action as may be necessary to present the error complained of to the Supreme Court. the same is insufficient and without force."

Section 784, C. O. S. 1921, provides that a party desiring to have a judgment of the district court reversed by the Supreme Court "may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court."

There is no requirement therein that all of the proceedings or all of the evidence or all of the other matters in the action be included. In Pahlka v. Chicago, R. I. & P. Ry. Co., 62 Okla. 223, 161 P. 544, this court held:

"The fact that a case-made does not show that it contains all of the evidence is not necessarily ground for the dismissal of an appeal, where a consideration of all of the evidence is not necessary to a determination of the questions raised upon the appeal."

In St. Louis & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 P. 610, this court held:

"Only those matters essential to present the errors complained of need be brought up. The party under this procedure may make a case containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to clearly present the points involved, eliminating all unnecessary or irrelevant matter; and, when served and settled as therein authorized, it will be sufficient."

There is useless waste when there is included in a case-made anything not necessary to present to this court the errors complained of,—waste of money of litigants in paying therefor and waste of the time of this court in considering the same. Notwithstanding the language of the statute and the decisions of this court, there is a custom among the lawyers of this state to include in the case-made all of the pleadings, proceedings, evidence, and other matters in the action without regard to whether or not they are necessary to present the errors complained of to this court. We know of no reason why a summons should be shown in a case-made where an appearance has been made and no question of the jurisdiction of the court over the person of the defendant is presented. Possibly the custom has arisen from a misapprehension of the meaning of the decisions of this court with reference to the requirements of section 784, supra.

In Board of Commissioners v. Wright, 8 Okla. 190, 57 P. 203, the territorial Supreme Court held that where the questions presented for review depend upon a consideration of the evidence, the case-made must contain all of the evidence and that this must affirmatively appear in the case-made itself, a mere statement in the certificate of the trial court that it contains all of the evidence not being sufficient. The decision followed decisions of the Supreme Court of Kansas to the same effect. The reason stated for the rule is that, where the record fails to show that it includes all of the evidence upon which the finding and judgment of the trial court was based, the Supreme Court is unable to state that the findings and judgment are contrary to the evidence. The rule was stated by the Supreme Court of Kansas in Eddy v. Weaver, 37 Kan. 540, 15 P. 492, as follows:

"Usually, when a party making a case for the Supreme Court desires that it shall be shown that the case contains all the evidence, the case itself, as served upon the adverse party, should contain a statement to that effect, so as to give the adverse party an opportunity to suggest amendments if he think the statement untrue, either by striking out the statement, or by inserting such other evidence as he may believe has been omitted, and thereby make the case speak the truth."

In Sawyer & Austin Lbr. Co. v. Champlain Lbr. Co., 16 Okla. 90, 84 P. 1093, the case-made purported to contain the evidence, but contained no recital or other statement that it contained all of the evidence introduced in the trial of the cause. There was a certificate of counsel that the case-made contained all of the evidence and a certificate of the stenographer that his transcript contained all of the evidence, but the court held that neither of those certificates was authorized or recognized, and said:

"The case itself must contain the positive averment by way of recital that it does contain all the evidence submitted or introduced on the trial of the cause, and in the absence of such recital, this court will not review any question depending upon the facts for its determination."

A number of cases were cited in support of the rule stated.

The rule stated by the territorial Supreme Court was stated by this court in Tootle, Wheeler & Motter Merc. Co. v. Floyd, 28 Okla. 308, 114 P. 259. It was therein contended that the evidence was insufficient to support the judgment, and this court said:

"This contention cannot be considered. The case-made does not contain a positive averment by way of recital that it contains all the evidence submitted or introduced on the trial of the cause. In the absence of such recital, in the case-made, this court will not review any question depending upon the facts for its determination."

In support thereof the decisions in Martin v. Gassert, 17 Okla. 177, 87 P. 586, and Wagner v. Sattley Mfg. Co., 23 Okla. 52, 99 P. 643, were cited. In the Martin Case, supra, it was held that the certificate by the stenographer, the certificate by the attorney for the plaintiff in error, and the certificate of the trial judge were not sufficient "and that such statement must be in the nature of a positive recital in the case-made itself, and that this defect cannot be supplied by any certificate either of the attorneys, stenographer, or the trial judge." In the Wagner Case, supra, attention was called to the fact that "no request for permission to correct the case-made has been made." In Gaffney v. Stanard, 31 Okla. 541, 122 P. 510, the same rule was applied, and this court said:

"This defect in the case-made is called to the attention of the court by the brief of defendants in error. Counsel for plaintiff in error have replied to this brief, insisting that the certificate of counsel is sufficient, but making no request for permission to correct the case-made."

In Briggs v. Kinzer, 59 Okla. 49, 158 P. 447, the same rule was applied, and it was held that neither the certificate of the court clerk, the trial judge, nor the stipulation of counsel was sufficient in lieu thereof.

It appears from the cases cited and subsequent decisions of this court that the provision of section 784, supra, with reference to the inclusion in a case-made of so much of the evidence as is necessary to present the errors complained of, has been said to require the inclusion in the case-made of all of the evidence where the question presented for review involved a question of fact requiring a review of the evidence. An analysis of the decisions discloses that there was no reason for the use of the broad language used and no intention to vary the terms of the statute adopted by the Legislature which requires the inclusion in the case-made of only such matters as are necessary to present the errors complained of to the Supreme Court. In many cases it is necessary that all of the evidence be included in the case-made, but there are many cases in which it is not necessary that all of the evidence be included in the case-made. As was held in State ex rel. Collins v. Parks, 34 Okla. 335, 126 P. 242:

"A party appealing has the right to make a case which contains only such part of the proceedings as he considers necessary to present the errors complained of. The opposite party may then, in writing, suggest such amendments as he thinks necessary."

See, also, City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418. We think the rule is correctly stated in Alexander v. First Nat. Bank of Duncan, supra, wherein this court held:

"It is not necessary that the entire record be included in the case-made, but so much thereof as is required by section 784, C. O. S. 1921, must be included therein, and there must be an averment therein of the inclusion thereof."

We, therefore, hold that where a case-made does not contain a positive averment by way of a recital that it contains all of the proceedings and evidence or other matters in the action as may be necessary to present the error complained of to the Supreme Court, the same is insufficient and without force, but that it is not necessary that the entire record be included in the case-made, and only so much thereof as is required by section 784, supra, must be included therein.

The case-made does not include the averment required by that rule and, under the decisions of this court, the appeal would be dismissed had not the plaintiffs filed herein a motion for permission to withdraw and correct the case-made by inserting therein an averment by way of a recital. In Alexander v. First Nat. Bank, supra, this court had under consideration a motion to withdraw a case-made for correction. We therein said:

"Under section 786, C. O. S. 1921, the authority is granted to withdraw a case-made for the purpose of including therein matters omitted therefrom and which are of record in the court from which the appeal was taken, and under the doctrine announced in Argentoes v. Fidelity Building & Loan Association, 127 Okla. 183, 260 P. 55, such correction may be made though such omitted parts were not of record when the time for appeal expired. But this court has never held that a case-made might be withdrawn for the purpose of including therein matters not shown to be of record in the court from which the appeal was taken at the time the application to withdraw was made. If the plaintiff in error wanted to withdraw the case-made for correction by including therein matters of record in the trial court, he should have supported his application to withdraw by showing that the things sought to be included were of record in that court."

The things therein sought to be included in the case-made were an order overruling the motion for new trial and an order to extend the time to make and serve case-made. It did not appear therein that those orders had been entered on the journal of the court. With reference thereto we said:

"If the order was made and is of record, there should be a showing thereof accompanying the application to withdraw the case-made, and in the absence of such a showing this court will not permit the case-made to be withdrawn."

Since the order overruling the motion for new trial was ineffective if not entered on the journal of the court (Carson v. State ex rel. Dudley, 137 Okla. 153, 278 P. 392), the rule stated is correct. Nothing therein said was intended to hold that the case-made might not be withdrawn for correction by including therein matters not required to be of record in the court from which the appeal was taken. We are thus confronted with the question of whether or not a case-made filed in this court within the time authorized by the provisions of section 798, C. O. S. 1921, may be corrected after the expiration of the time provided for the filing of a case-made by the provisions of that section, by including therein an averment by way of a recital. If such a correction cannot be made, the instrument herein filed does not constitute a case-made within the meaning of the statutes of Oklahoma and the appeal must be dismissed for failure to conform to the provisions of the statute.

The rule announced by the territorial Supreme Court in Walcher v. Stone, 15 Okla. 130, 79 P. 771, that a motion for leave to withdraw a certificate of the clerk to a transcript for the purpose of having the same amended comes too late when made after the time for appeal was elapsed, was discussed in Re Combs' Estate, 62 Okla. 33, 161 P. 801, and attention was called therein to the fact that that decision was made in a case prior to the adoption of what now appears as section 786, supra. It was therein held that an insufficient certificate of the clerk might be corrected under the authority of that section. The defendants contend that the correction therein permitted was within the time limited for appeal, and in support of that contention they cite the first syllabus of the case, the language of which is:

"A certificate of the clerk of the district court to a transcript, which is attached to a petition in error and filed in this court, within the time limited for appeal, may be amended upon order of this court made prior to final decision, but after the time for filing such appeal has expired."

As punctuated, the text is susceptible of that construction, but it is apparent that a comma was inadvertently used therein. We must hold that it was not the intention of this court to limit the time for correction of a case-made to the time limited for appeal, for that construction of the punctuation used is in conflict with the decision of this court in England Bros. v. Young, 25 Okla. 876, 105 P. 654, wherein this court, after the expiration of the time for appeal, ordered that the plaintiff in error be permitted to withdraw the case-made for correction by showing affirmatively that it contained all of the evidence introduced before the trial court. In Vaughn v. Rennie, 55 Okla. 536. 156 P. 632, it was said that a certificate of an attorney that the case-made contained all of the evidence is unauthorized and insufficient (Gaffney v. Stanard, 31 Okla. 541, 122 P. 510), but that where the absence of a recital is the only defect in the case-made and the only ground for dismissal, "it is the policy of this court on application to permit the record to be withdrawn for the purpose of supplying the omission." The defendants say that that holding was dictum. They overlook the fact that it is stated in the syllabus, which, under the provisions of section 803, C. O. S. 1921, is a statement of the law of the case. To the same effect is O'Neil Engineering Co. v. City of Lehigh, 61 Okla. 57, 159 P. 497, in which the case-made was permitted to be withdrawn for correction two years after the case-made was filed in this court, although the language of the syllabus therein referred to "a motion timely filed herein."

The defendants "insist that the application for amendment is not in fact and in law an application for amendment, but for an insertion of new matter, and not the amendment of any matter already in the record." This court has spoken concerning the sufficiency of the required averment in New v. Collins, 21 Okla. 430, 96 P. 607; Pahlka v. Chicago, R. I. & P. Ry. Co., supra; Murray v. Bristow, 73 Okla. 115, 175 P. 119; Schraeder v. Gormley, 127 Okla. 65, 259 P. 869, and Cunningham v. McCray, 137 Okla. 300, 279 P. 354. We will look to the statute for an additional answer to the contention made. An examination thereof discloses authority for the correction of a case-made filed in the Supreme Court by including therein not only "any matter which is of record in the court from which the appeal is taken, touching the cause appealed," but "any evidence heard on the trial of said cause" and "any statement or certificate or motion, or other matter" omitted from the case-made or "insufficiently stated therein." The authority for correction includes matters which are of record in the court and which, as held in Alexander v. First Nat. Bank of Duncan, supra, are required to be of record therein and matters which are not required to be of record therein, to wit, "evidence

heard on the trial" or "any statement or certificate or motion, or other matter" omitted from the case-made or "insufficiently stated therein." Under the provisions of the statute, authority is granted for the insertion of matter in the case-made not theretofore mentioned therein and it is not necessary that the correction be an amendment of matter already in the case-made.

Timely application for correction has been made under the provisions of section 786, supra, which provides that the same may be done "at any time before the cause is finally decided." The intent of section 786, supra, is to permit amendments to case-mades, and it is therein provided that "no appeal shall be dismissed by reason of such errors or omissions, until an opportunity be given to supply such corrections." The legislative authority thus granted will be recognized by this court.

We, therefore, hold that the application of the plaintiffs to withdraw the case-made for correction by inserting therein a positive averment by way of a recital is authorized, timely, and meritorious under the provisions of section 786, supra, and that it should be, and is granted, the correction to be made under the supervision of the trial court and the case-made to be refiled in this court within 30 days from the promulgation of this opinion. The motion to dismiss the appeal on the ground that the case-made does not contain a proper averment by way of a recital is held in abeyance pending the correction of the case-made as hereinbefore authorized.

The second ground of the motion to dismiss is that the defendant in error Robt. P. Chandler was sued as city clerk of the city of Muskogee; that he was removed from office; that his successor in office was appointed more than a year prior to the filing of the motion to dismiss, and that the cause had not been revived in the name of the successor in office. We think that contention is without merit under the provisions of chapter 88, Session Laws 1923. It is not necessary to cite additional authority on that contention. The motion to dismiss the appeal on the ground of failure to revive the action should be, and it is overruled.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.