## ASHCRAFT v. BOW.

No. 34138. May 15, 1951.

*231 P. 2d 669.*

Charles E. Grounds, Seminole, for plaintiff in error.

Tom Biggers, Wewoka, for defendant in error.

O'NEAL, J. This is an action in unlawful detainer. Suit was brought in a justice of the peace court of Seminole county by Mary Frances Ashcraft against Reletha Bow, now Gray. Judgment in the justice court was for plaintiff. The action was appealed to the district court where trial de novo was had resulting in an order dismissing the complaint on the ground of lack of jurisdiction in the justice court and in the district court. Plaintiff appeals.

The parties will be referred to as they appeared below. The assignments of error are:

1. That the court erred in overruling the motion of plaintiff for a new trial; and

2. That the court erred in entering judgment for defendant in error.

At the trial the taking of the testimony by the court reporter was waived by the parties. There was a stipulation as to part of the facts which appears in the record.

Under the petition in error but one question is presented, that is: Did the trial court err as a matter of law in its order dismissing the case?

The trial court, as shown by the journal entry, among other things, found and held:

"That this matter is an appeal from the Justice of the Peace Court in a forcible entry and detainer action and was heard de novo by the court; That under the evidence submitted herein the court finds that the defendant entered peaceably onto the premises herein involved and that she has continued in the possession of said premises under a substantial claim of title; that said defendant has made substantial improvements to said property and has paid a substantial amount of taxes due against said property for various prior years;"

And:

"That this court lacks jurisdiction to hear and determine an action for forcible entry and detainer under the facts herein and that the rights of the parties will have to be determined in an original action filed in a court of record; The court finds that the merits of defendants (sic) claim to ownership or an interest in the property herein cannot be determined in this forcible entry and detainer action."

It is obvious that this court cannot determine the question of law presented for the reason that all the evidence which was presented to the trial court is not contained in the case-made. As early as 1905, in Hanover State Bank v. Henke, 15 Okla. 631, 83 P. 926, it was held:

"Where a record in this court in a case on appeal does not show that it contains all the evidence presented at the hearing below, it presents no error that can be reviewed by this court, arising upon a question of evidence."

In Haggerty v. Terwilliger, 67 Okla. 194, 169 P. 872, it was held:

"Assignments of error requiring an examination and consideration of the evidence will not be reviewed by this court, unless all the evidence relating thereto is preserved and bought (sic) up by case-made or otherwise."

In Murray v. Bristow, 73 Okla. 115, 175 P. 119, it was held:

"When the only assignment of error presented upon appeal requires a review of the evidence at the trial, and the case-made fails to contain a recital that it contains all the evidence offered and introduced at the trial, and the plaintiff in error, after having been given leave to correct such case-made, fails to do so, the case-made will not be considered upon appeal."

Plaintiff concedes that the testimony of the witnesses was not transcribed and is not in the case-made. Plaintiff makes a somewhat unique claim that in such circumstances we can take the evidence as reflected by the record of the justice of the peace court, pleadings and stipulation as shown by docket entries. In this connection plaintiff quotes, among other things, from the docket entry in the justice court the following:

"6/5/48, Plaintiff files amended complaint and cause came on for hearing. Defendant pleads not guilty, witnesses sworn. Motion of defendant denied and evidence heard. Defendant claims no interest in the premises or title. Plaintiff corroborated by defendant. Also denies any relation of landlord and tenant, but claim of life estate made by defendant."

Plaintiff then asserts that the evidence as reflected by the trial docket in the justice court shows that defendant claimed no interest in the premises. No authority is cited and we find none holding that entries in the trial docket of the justice of the peace court may be considered as evidence by this court in an appeal from the district court. That cannot be done. Even if the docket entries in question could be considered as evidence, plaintiff overlooks the fact that there is conflict in the docket entry.

First the justice entered the statement that "defendant claims no interest in the premises or title." In the last sentence he says "also denies any relation of landlord and tenant, but claim of life estate made by defendant." It is difficult to understand how defendant could disclaim any interest in the premises or title, and at the same time claim a life estate. The docket entries of the justice of the peace are not only not evidence, but in the instant case, if they were evidence, the one in question is in direct conflict with itself.

For the reason that all the evidence is not in the case-made, we cannot say that the trial court erred as a matter of law in its order dismissing the case.

Appeal dismissed.

ARNOLD, C.J., LUTTRELL, V.C.J., and WELCH, CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur.